People of the State of Illinois ex rel. Knowlton L. Ames, Jr., Plaintiff, v. George M. Marx, Trading as Marx Bros., and American Bonding Company of Baltimore, Defendants.
American Bonding Company of Baltimore, Appellee, v. George M. Marx, Trading as Marx Bros., Appellant.

Gen. No. 40,445.

Opinion
filed March 29, 1939.

WILLIAM SCHULZE and LOUIS DAVID FRIEDMAN, both of Chicago, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, of Chicago, for appellee; FREDERIC BURNHAM, DAVID F. ROSENTHAL and JACOB X. SCHWARTZ, all of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

On April 5, 1934, plaintiff filed a complaint in the circuit court of Cook county, based on the failure of defendant Marx to pay taxes collected by him as a motor fuel distributor, and asserted that the defendant, American Bonding Company of Baltimore, a corporation, was liable to the extent of $5,000 as a surety upon a bond furnished to the plaintiff. On December 21, 1937, in a summary judgment proceeding, the court entered a judgment against both defendants under the first count in the sum of $5,000 and against the individual defendant Marx under the second count in the additional sum of $3,096.52. However, before the judgment was entered, the surety, by leave of court, filed a counterclaim against the principal. The counterclaim was grounded on the proposition that the surety company, under its agreement with the principal, was entitled to be indemnified against any loss, and prayed that in the event of judgment against it, the principal be ordered to assign to it all his right in and to certain claims he had against a bank and the dividends that might be paid by the receiver of the bank. The judgment order concluded by continuing the cause "for trial on cross-complaint of Amer-

ican Bonding Company filed herein this day by defendants." Marx was given leave to file an answer to the counterclaim within 10 days. He filed an answer to the counterclaim on December 30, 1937. The surety paid the judgment and costs. Thereafter, on February 25, 1938, by leave of court, an amended and supplemental counterclaim of the surety was filed. That pleading set up the preceeding proceedings and asked for a judgment against the principal for $5,017.60, being the portion of the judgment ordered against the surety, plus the costs, and also asked for $306.41, being attorney's fees in the sum of $300, appearance fee of $5 and other expenses of $1.41. The principal filed his answer on March 7, 1938. The answer did not deny any of the material facts set up in the amended and supplemental counterclaim, and did not raise any objection to the jurisdiction of the court. The answer alleged that he filed a notice of appeal to the Supreme Court of Illinois for the purpose of reversing the judgment rendered against him on December 21, 1937. The notice of appeal was filed on March 7, 1938. The record does not show that any supersedeas was sought or granted. On March 18, 1938, the surety filed a reply to the answer. On March 26, 1938, the attorneys for the surety served notice on attorneys for the principal that on April 5, 1938, they would appear in court and move for a summary judgment against the principal, and concurrently therewith served a copy of a motion for summary judgment and a copy of an affidavit for summary judgment. Attached to the affidavit were various exhibits. Such notice, motion and affidavit were filed in the court on March 28, 1938. The principal filed a counter-affidavit on April 5, 1938, in opposition to the motion for summary judgment. On April 4, 1938, attorneys for Marx served on the attorneys for the surety a notice that on the following day they would present a petition for a change of venue,

a copy of which was attached to the notice. The notice and the petition were filed in the office of the clerk on April 5, 1938. The petition for change of venue recites that the petitioner Marx, defendant, "fears that he will not receive a fair trial in said court on account that the Judge, Harry M. Fisher, before whom the said cause is set for hearing, is prejudiced against him, the petitioner, so that he cannot expect a fair trial in said court; that knowledge of said prejudice did not come to the petitioner until March 31, 1938. The petitioner therefore prays a change of venue in this cause pursuant to the statute in such case made and provided." The record is silent as to whether the petition for a change of venue was presented to the trial judge, or whether he made any ruling thereon. On April 5, 1938, an order was entered finding the issues for the surety and against the defendant and entering judgment against him for the sum of $5,324.01 and costs. This appeal is prosecuted from the latter judgment.

The first criticism leveled at the judgment is that it was improper for the court to entertain the counterclaim in view of the fact that the original judgment was entered on December 21, 1937, against both defendants. Section 38, ch. 110, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.038], being sec. 38 of the Civil Practice Act, provides:

"Subject to rules, any demand by one or more defendants against one or more plaintiffs, or against one or more co-defendants, whether in the nature of set-off, recoupment, cross-bill in equity or otherwise, and whether in tort or contract, for liquidated or unliquidated damages, or for other relief, may be pleaded as a cross-demand in any action, and when so pleaded shall be called a counterclaim.

"The counterclaim shall be a part of the answer, and shall be designated as a counterclaim.

"Every counterclaim shall be pleaded in the same manner and with the same particularity as a complaint, and shall be complete in itself, but allegations set forth in other parts of the answer may be incorporated by specific reference instead of being repeated." Defendant argues that the second paragraph clearly indicates that it was the intention of the legislature that the counterclaim be filed at the same time as the answer. In construing the Civil Practice Act, it is always well to remember that sec. 4 provides that "This act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties, and the rule that statutes in derogation of the common law must be strictly construed shall not apply to this Act or to the rules made pursuant thereto." Paragraph 3 of sec. 33 provides that "pleadings shall be liberally construed with a view to doing substantial justice between the parties." We also invite attention to the liberal provision as to amendments, contained in sec. 46, par. 1 [Ill. Rev. Stat. 1937, ch. 110, § 170; Jones Ill. Stats. Ann. 104.046], which reads: "At any time before final judgment in a civil action, amendments may be allowed on such terms as are just and reasonable, introducing any party who ought to have been joined as plaintiff or defendant, discontinuing as to any plaintiff or defendant, changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross demand." A reading of the entire act convinces us that it is within the discretion of the court to allow the filing of counterclaims subsequent to the filing of the answer. To hold other-

wise, would be to give the act a narrow and restrictive construction.

It will be observed that the court gave the surety permission to file a counterclaim before the judgment was entered in the original case, and that in the judgment order the matter of the disposition of the counterclaim was reserved. We have examined decisions in other jurisdictions where similar provisions as to filing counterclaims were involved, and find that defendants in the same position as the surety in the instant case have been permitted to file counterclaims to recover against the principal in the same action in which the obligee has sued both of them. Moreover, defendant did not object to the action of the trial court in permitting the amended and supplemental counterclaim to be filed. In fact, the record shows that he proceeded before the trial court in full recognition of the right of the trial court to pass upon the issues involved in the case. Under the liberal provisions of the Practice Act, the court was right in permitting the filing of the amended and supplemental counterclaim. We have examined the pleadings and the affidavits presented to the court on the motion for a summary judgment, and find that there was no merit to the defense interposed, and that the court acted properly in entering a summary judgment.

The second and final criticism asserted against the judgment is that the court erred in not granting the petition for a change of venue. The surety points out that the petition was filed in the office of the clerk of the court on April 5, 1938, the day when the motion was heard, and that it shows on its face that defendant had knowledge of the alleged prejudice of the trial judge on March 31, 1938. The surety argues that there was undue delay by defendant in presenting the petition, and cites authorities in support of its position.

However, it is unnecessary for us to pass on that point because there is nothing in the record to show that the petition was presented to the trial judge, nor is there anything in the record to show that the trial judge made any ruling on the petition. We have examined the record and find the word "denied" written in ink on the copy of the petition. The writing appears to be the same as the writing of the two signatures to the petition. Apparently, the word "denied" was written by the same person who copied the name of the petitioner. The record here does not show that the court wrote the word "denied" on the petition. The burden is on the one who asserts error to point out in the record the ruling he wishes us to review. The record does not show a ruling by the court on the petition for a change of venue. It follows that there is no ruling for us to review.

For the reasons stated, the judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

DENIS E. SULLIVAN, P. J., and HEBEL, J., concur.