Herbert Lang, et al., Petitioners-Appellees, v. Board of
Education of Community School Dist. No. 16 by
Order of Court changed to Community Unit School
Dist. No. 16, in McLean, Woodford, DeWitt, Logan
and Tazewell Counties, Illinois, Respondent-Appel-
lant.

Gen. No. 68–52.

Third District.

June 3, 1969.

William M. Goebel, of Bloomington, for appellant.

Swain, Johnson & Gard, of Peoria, for appellee.

RYAN, J.

This is an interlocutory appeal over certain procedural points raised in a suit brought to contest a school bond election. Although the original petition contesting the election was filed within the thirty-day period provided by law, (Ill Rev Stats 1967, c 46, § 23–20), it suffered from two substantial defects. The petition was defective in naming as the respondent the Board of Education instead of the School District itself which is required by statute to be made the respondent in such proceedings (Ill Rev Stats 1967, c 46, § 23–24). It was further defective in challenging only the validity of the election and not the result thereof, (Ill Rev Stats 1967, c 46, § 23–24). After the expiration of the statutory period within which an election petition may be filed, but within the time to plead thereto, respondent filed a motion to dismiss the petition. Petitioner thereupon moved for leave to amend the petition by making the School District the respondent and for leave to amend the language of the petition so as to challenge the result of the election. Both amendments

were allowed by the Court and the motion to dismiss was then denied. These rulings of the Court are the subject of this appeal.

Respondent contends that since the contest was not brought against the proper party within the time allowed by law and since the original petition failed to state a cause of action in not challenging the result of the election, that the Court lacked jurisdiction to allow petitioner's two amendments after the time had expired for bringing the contest. Respondent concludes that even the amended petition is fatally defective since some of the sworn allegations are on information and belief only.

█ We believe that the original petition was sufficient to confer jurisdiction on the Court for purposes of subsequent amendment. While it is true that the procedure for maintaining a school election contest is set forth in sections 23–19 through 23–30 inclusive of the Election Code, and that these sections control to the extent to which they regulate procedure, (Ill Rev Stats 1967, c 110, § 1), the Civil Practice Act applies as to matters of procedure not regulated by the Election Code. Graves v. Needham, 379 Ill 25, 39 NE2d 321.

Section 46(4) of the Civil Practice Act provides that a cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met:

 (a) The time had not expired when an original action was filed.

 (b) The failure to join was inadvertent.

 (c) Service was in fact had upon the person, his agent or his partner.

 (d) The person knew of the action within the time that the action might have been brought against him.

(e) The original and amended cause of action grew out of the same cause of action.

(Ill Rev Stats 1967, c 110, § 46 (4) ).

There can be no argument as to conditions (a), (c), (d) and (e). The original petition was filed in time. Service in this case was obtained upon the President of the School Board of the School District and hence its agent and copies of the petition were sent by certified mail to and received by both the President and Secretary of the respondent, all within the time during which the contest could be brought. The same cause of action is involved.

Was the petitioner's act of making the Board of Education the party defendant instead of the School District as required by statute inadvertent within the meaning of the Civil Practice Act? The Trial Court felt that it was. A possible explanation for this inadvertence may have been found in the form of the ballot itself which reads: "Shall the Board of Education . . . issue bonds . . . ?" In the case of Silver v. Lee Shell Equipment Corp., 31 Ill App2d 266, 175 NE2d 287, where the same point was passed on, the Appellate Court said at page 269:

> "The dictionary defines 'inadvertent' as: 'Not turning the mind to a matter; heedless; negligent; inattentive; . . .' Webster's New International Dictionary, Second Ed. It appears to us that the word was used in that broad sense in the statute, and includes such a situation as exists in the instant case."

At page 270, the court added:

> ". . . it (the legislature) took account of the problem that lawyers in our time have of determining the right defendant . . . . The primary basis for allowing such an amendment is knowledge of the

suit through actual service on the person sought to be added or substituted or his partner or agent within the period of the statute of limitations, albeit he was served in the wrong capacity."

 Numerous decisions have held that the granting or denying of an amendment to the pleadings is a matter for the discretion of the Trial Court whose ruling will not be disturbed on review unless there is a showing of abuse of that discretion. Lahman v. Gould, 82 Ill App2d 220, 226, 226 NE2d 443; Miller v. Community Discount Centers, Inc., 83 Ill App2d 439, 228 NE2d 113; Davidson v. Olivia, 18 Ill App2d 149, 151 NE2d 345. We cannot say that the Trial Court abused its discretion in this matter in allowing the substitution of respondents nor did it abuse its discretion in allowing the language of the petition to be amended. In Dinn Oil Co. v. Hanover Ins. Co., 87 Ill App2d 206, 230 NE2d 702, at pages 211–212, the Appellate Court said:

> "Section 46 of the Civil Practice Act, which provides for amendment of pleadings, is to be liberally construed 'to the end that the controversy may be decided upon its facts and its merits and in furtherance of justice.' Cain v. New York Central RR Co., 35 Ill App2d 333, 338. Applying these rules of liberal construction, a cause of action should not be dismissed on the pleadings unless it appears that no set of facts can be proved which will entitle the pleader to relief, and then only if it is apparent that even after amendment, if leave to amend is sought, no cause of action can be stated. Olin Mathieson Chemical Corp. v. J. J. Wuellner & Sons, Inc., 72 Ill App2d 488; Davis v. Hoeffken Bros., Inc., 60 Ill App2d 139."

Our Supreme Court has ruled that an amendment of pleadings in an election contest relates back to the filing of the petition and is not barred by the thirty-day limita-

tion of the General Election law, stating that to hold otherwise would render nugatory the ameliorative provisions of section 46 of the Civil Practice Act. Graves v. Needham, 379 Ill 25, 39 NE2d 321. The amendments which reached the objections of the motion to dismiss having been allowed by the Trial Court, the motion to dismiss was properly denied.

The respondent relies upon the Village of Metamora v. Eureka, 163 Ill 9, 45 NE 209, and McCurdy v. Board of Education, 359 Ill 188, 194 NE 287. In both cases the petitions failed to name the proper parties defendants in election contest cases within the statutory period. Both cases are distinguishable. In the Metamora case the election concerned the moving of the county seat of Woodford County from Metamora to Eureka. The petition to contest the election made the Village of Eureka and certain county officials defendants. No attempt was made to make the county of Woodford a party defendant as required by law until after the expiration of the thirty-day statutory period. This case did not involve an attempt to amend by substituting one party for another under conditions comparable to those provided for in section 46(4) of the Civil Practice Act. The McCurdy case involved an attempt to contest an election held on the proposition of levying a school tax. The petition made the Board of Education a party defendant and did not make the School District a party defendant. On motion, the petition was dismissed. Amendments were thereafter offered by the petitioners and refused by the court. The Supreme Court as to the offered amendments stated at page 191, "the proposed amendments which sought to add the words, 'which is School District No. 87 in the City of Bloomington, County of McLean, and State of Illinois' were not sufficient to make the School District a party defendant because the Board of Education and the School District are separate corporate entities under the law." Therefore, this case also did not involve an attempt to

200

amend by substituting one party for another. Both, the Metamora case and the McCurdy case, were decided before the addition of subparagraph 4 to section 46 of the Civil Practice Act in 1955 and neither case involves conditions sought to be covered by said subparagraph 4. The Metamora case and the McCurdy case, therefore, are not helpful nor controlling in the case now before this court.

■ We further find that the petition as amended is not fatally defective. In Whitley v. Frazier, 21 Ill2d 292, 171 NE2d 644, our Supreme Court said at page 295 that:

"It is true, the opinion in the Hulse case contains intimations that if an original petition alleges everything on information and belief only, it would be too defective to be cured by amendment after the thirty days have expired. We think, however, that in these questions of practice the court should look to the essence of the allegations rather than to their form; and that insofar as present purposes are concerned the information-and-belief recitation may be treated as a matter of form only. In Smith v. Township High School Dist., 335 Ill 346, where a similar question was presented, this court observed that 'A statute, however, which requires a statement of the points upon which an election will be contested should receive a reasonable construction in order to accomplish the purpose intended. To hold that a petition to contest an election should only contain such allegations of fact as are within the contestant's personal knowledge would be impracticable, for the very nature of the proceeding compels him largely to rely upon information obtained from other persons, and it is obvious that as to such information the contestant can only make oath that he believes the allegations to be true.' . . . The implication in the Hulse case . . . embodies too strict a rule on this

201

question of pleading, is highly technical and can no longer be taken as correctly stating the law."

For the reasons given, we believe that the Circuit Court of Tazewell County did not abuse its discretion in making the questioned rulings. Said rulings are accordingly affirmed and the cause is remanded for further proceedings.

Affirmed and remanded.

STOUDER, P. J. and ALLOY, J., concur.