ROLAND H. BATES, Plaintiff-Appellant, *v.* THE WAGON WHEEL COUNTRY CLUB, INC. *et al.,* Defendants-Appellees.

(No. 70-134; ▮▮▮▮▮▮▮▮▮▮▮▮▮

Second District—March 1, 1971.

Roszkowski & Paddock, of Rockford, for appellant.

Robert K. Clark, of Rockford, for appellees.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

On May 30, 1966, plaintiff Roland H. Bates, visited the premises of the Wagon Wheel Lodge Hotel in Rockton, Illinois, for the purpose of renting a horse at the hotel stables. Plaintiff's ride was abruptly interrupted when he fell from the saddle and sustained certain injuries to his person. Feeling the Wagon Wheel Lodge Hotel was responsible for his injuries, plaintiff commenced legal action against the hotel on April 24, 1968, in the circuit court of Winnebago County, Rockford, Illinois. This action was commenced thirty-six days before the running of the two-year statute of limitations established by Ill. Rev. Stat. (1969), ch. 83, par. 15. Plaintiff named as defendant, Wagon Wheel Lodge Hotel, and summons was issued and served upon Maurice F. Hannon as its agent.

When no response or pleading was filed by the defendant, plaintiff obtained a default judgment on January 24, 1969. On that same day, plaintiff's attorney was contacted by Robert K. Clark, attorney for the Wagon Wheel Country Club, Inc., and Wagon Wheel Enterprises, Inc., and informed that the wrong defendant had been sued. Subsequently, notices were sent to Attorney Clark and Agent Hannon notifying them of the proveup of damages for the default judgment. During the following months numerous motions and notices were filed with the trial court which are of no significance for purposes of this appeal.

On May 8, 1969, defendants Wagon Wheel Country Club, Inc., and Wagon Wheel Enterprises, Inc., entered a Special and Limited Appearance and motioned the trial court to enter an order finding that it had no jurisdiction over defendants and holding void any judgment rendered against them. On May 15, 1969, a hearing was had on defendants' Special and Limited Appearance, and at that time, plaintiff sought unsuccessfully to strike the defendants' motion. At the hearing, it was established that no such entity as Wagon Wheel Lodge Hotel existed, but that in fact the real estate upon which the stables were located was owned by Wagon Wheel Enterprises, Inc., and that the stables were leased by Wagon Wheel Country Club, Inc., and operated by Henry G. Wilson, d/b/a Wagon Wheel Stables. Defendants' Special and Limited Appearance contesting jurisdiction was subsequently granted on September 25, 1969. Plaintiff then, on October 7, 1969, moved the trial court for leave to file an amended complaint. This leave was granted and plaintiff filed his amended complaint against the new defendants, Wagon Wheel Country Club, Inc., and Wagon Wheel Enterprises, Inc., and served Walter Williamson, president of the defendant corporations. On October 10, 1969, the new defendants filed their motion to contest jurisdiction, followed on November 4, 1969, with a motion to dismiss the amended complaint on the grounds that the two-year statute of limitations had run. On February 5, 1970, defendants' motion to dismiss the plaintiff's case was granted by the trial court and the plaintiff duly perfected its appeal to this court.

At the outset, this court wishes to state that, contrary to defendants' urging, we are satisfied that plaintiff's appeal is properly before this court and that plaintiff's notice of appeal sufficiently sets forth what judgment is being appealed, what the issues are, and what relief is sought. A ruling of this court, on the February 5th decision, will determine the issues raised in the lower court and the correctness of that decision.

Plaintiff's appeal raises the question of whether, and under what circumstances, may one defendant be effectively substituted as a party, after the statute of limitations has run, for another defendant originally named. This question has been somewhat clarified by the enactment by the Illinois Legislature of ch. 110, par. 46(4) of the Ill. Rev. Stat. (1969). This section reads as follows:

"(4) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (a) the time prescribed or limited had not expired when the original

action was commenced; (b) failure to join the person as a defendant was inadvertent; (c) service of summons was in fact had upon the person, his agent or partner, as the nature of the defendant made appropriate, even though he was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; (d) the person, within the time that the action might have been brought or the right asserted against him, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him; and (e) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended."

If the five requirements of the above statute have been met by plaintiff, then his amendment and effort to add two new defendants after the running of the statute of limitations should have been permitted by the trial court. This court is of the opinion that the five requirements of Ill. Rev. Stat. (1969), ch. 110, par. 46(4) have been met by the plaintiff.

First of all, the time for filing plaintiff's personal injury case had not expired when the original action was commenced. The action occurred on May 30, 1966, and the plaintiff commenced his suit on April 24, 1968.

Second, the plaintiff's failure to join the defendants was inadvertent. There is inadvertence if the plaintiff was "not turning the mind to a matter; heedless; negligent; inattentive;" in failing to join the new defendants originally, but acted to join the new defendants within a reasonable period of time after receiving notice of their existence. (*Silver v. Lee Shell Equipment Corp.*, 31 Ill.App.2d 266, 269, 175 N.E.2d 287 (1961); *Fields v. 6125 Indiana Ave. Apts., Inc.*, 47 Ill.App.2d 55, 58, 196 N.E.2d 485 (1964).) This court believes the defendants' contention is, in essence, that even though the plaintiff may have been heedless, negligent, inattentive, etc., in originally suing the improper defendant, he was, nevertheless, informed of his mistake on January 24, 1969, and still failed to correct his pleading until October 10, 1969, approximately eight and one-half months later. According to the defendants, this lapse of

time was not reasonable. What defendants overlook or ignore, and what the *Fields* case was so careful to point out, is the importance of plaintiff being informed of the true defendants before the statute of limitations runs and failing to correct the mistake before such running. In the *Fields* case, the plaintiff learned of the correct defendants eight months before the statute of limitations had run, but did not move to have them added until after the statute had run. The plaintiff in that case could have and should have corrected the party defendant before the running of the statute.

Here, plaintiff did not discover who the real defendants should have been until May 15, 1969, at the hearing on the defendants' Special and Limited Appearance to contest jurisdiction. By this time the statute of limitations had run by almost one year. Upon learning that Wagon Wheel Country Club, Inc., and Wagon Wheel Enterprises, Inc., should have been the proper defendants and after defendants' Special and Limited Appearance contesting jurisdiction was granted on September 25, 1969, plaintiff took action to join them within two weeks. This court finds nothing unreasonable in the two-week delay in view of the aforementioned facts. Had the plaintiff been given the information of the true defendants before the statute of limitations had run and had not acted to join them before the running, then there would be a lack of inadvertence. *Fields v. 6125 Indiana Ave. Apts., Inc., supra; Gonzalez v. Seiff* (1967), 90 Ill.App.2d 127, 130, 234 N.E.2d 336; *Cox v. Shupe* (1963), 41 Ill.App.2d 413, 418, 191 N.E.2d 250; *Robinson v. Chicago Nat. Bank* (1961), 32 Ill.App.2d 55, 60, 61, 176 N.E.2d 659; *Solone v. Reck* (1965), 55 Ill.App.2d 282, 285, 204 N.E.2d 614.

Third, service of summons was in fact had upon the agent of defendants, Wagon Wheel Country Club, Inc., and Wagon Wheel Enterprises, Inc., even though mistakenly served as the agent of the non-existing corporate entity, Wagon Wheel Lodge Hotel. It was sufficiently established before the trial court that Maurice F. Hannon was the agent, as well as secretary, of the defendant corporations.

Fourth, the defendants, Wagon Wheel Country Club, Inc., and Wagon Wheel Enterprises, Inc., had knowledge before the statute of limitations had run that this case was pending and would involve them. Service was obtained upon their agent and secretary, Maurice F. Hannon, on April 24, 1968, and examination of the complaint clearly reflects what the cause of action concerned and whom plaintiff was attempting to sue and serve. Maurice F. Hannon's knowledge of the lawsuit, as agent, is imputed to the defendant corporations. The defendants had thirty-six days in which to notify plaintiff of his mistake, either through a pleading

or otherwise. They chose not to do so for reasons which are perhaps understandable, but which cannot be condoned in this situation.

Fifth and finally, there is no question that the cause of action in the original complaint and the amended complaint remains identical. The cause of action, the characters and injuries involved are still the same.

The applicability and value of Ill. Rev. Stat. (1969), ch. 110, par. 46(4) has been discussed in several relatively recent cases. In *Cody v. Ladurini* (1969), 109 Ill.App.2d 116, 249 N.E.2d 315, this same court allowed a plaintiff to amend his complaint after the statute of limitations had run and permitted plaintiff to change his defendant from Nando's Lounge, Inc., to Nando's Sportsmen's Lounge. Although the *Cody* case involved the dram shop laws, what this court said at that time applies equally well in the present case, pages 121 and 122:

"The question of whether a change may be made in the parties to an action after the statute of limitations has run, has been the subject of much controversy. Under the common-law practice, if a plaintiff made a mistake as to the parties who should have been named as defendants, by omitting to join a proper party, he could not, as a general rule, rectify his mistake or omission.

The strict common-law rule with reference to adding parties who were omitted in the first instance was ameliorated by rules of chancery practice and, subsequently, by statutes. However, such statutes were often nullified by court decisions on the theory that the time set by the particular act under consideration, was not a statute of limitations, but a condition of liability itself which required that the plaintiff must bring himself within the terms of the statute in order to recover. See: Fitzpatrick v. Pitcairn, 371 Ill. 203, 210, 20 N.E.2d 280 (1939); and Annotations, 8 A.L.R.2d 6.

The Joint Committee Comments on section 46(4) of the Civil Practice Act (S.H.A. ch. 110, par. 46(4), pages 255 through 260), adequately outline the Illinois decisions and legislative enactments dealing with this subject. At page 257, the Comments state that section 46(4) 'is the solution which it is believed, deals adequately with the problem and at the same time contains safeguards against the undermining of the statute of limitations.'"

In *Silver v. Lee Shell Equipment Corp., supra*, the Appellate Court, First District, Third Division, also reversed a trial court and permitted an amendment adding additional defendants after the statute of limitations had run. The court relied upon Ill. Rev. Stat. (1969), ch. 110, par. 46(4), to make such a ruling and also relied heavily upon the equities involved in such situations, taking into consideration the problem that

today's lawyers have in determining the right defendant. This was particularly so in densely populated areas where one could deal for years with a business and not know the character of its organization. The court, in the *Silver* case, felt the primary basis for allowing such an amendment was knowledge of the suit through actual service on the person sought to be added or substituted, or his partner or agent, within the period of the statute of limitations, even though he was served in the wrong capacity. Such an attitude is recognized and supported by this court. In the instant case the defendants, Wagon Wheel Country Club, Inc., and Wagon Wheel Enterprises, Inc., had knowledge of the suit by reason of the service on Maurice F. Hannon. Their rights were not jeopardized at that time. They could have responded to plaintiff's complaint within the statutory time, had they so desired.

Also, the corporate complexities that evolve around the Wagon Wheel Lodge are, to say the least, unusual. As plaintiff learned at the hearing on May 15, 1969, the operation at the Wagon Wheel Lodge Hotel was conducted by nine different corporations: The Wagon Wheel Lodge, Inc.; Wagon Wheel Country Club, Inc.; Wagon Wheel Enterprises, Inc.; Walter Williamson's Wagon Wheel, Inc.; Williamson's Wagon Wheel Theatre, Inc.; Williamson's Wagon Wheel Resort, Inc.; Williamson's Inn, Inc.; W. W., Inc.; and FNI Corp. Six of the corporations even use the name "Wagon Wheel" in their corporate title. It is understandable that plaintiff might have difficulty in determining who was the proper party defendant. Had the difference in the names of the corporations been more apparent, and their corporate structure more distinct so their identity could be readily ascertained, the diligence of the plaintiff in ascertaining such identity would have more import. However, under the circumstances, it was no doubt difficult for the plaintiff to properly identify the correct coporation. This court feels that the mistake as to the identity of the correct defendants was caused or induced more by the actions of their agent and officers than by any lack of diligence on the part of the plaintiff.

When two or more corporations are so intermingled and carry such similar names that a person having a tort claim against one of the intermingled corporations has difficulty in identifying the specific corporation liable for the tort, we believe that justice will better be served by saying, in effect, that a court can penetrate the corporation veil of these intermingled corporations and thereby relieve a plaintiff from acting at his peril in such a situation.

We fully recognize that a group of people have the legal right to pool their finances for the purposes of operating a particular business and to set up one or more corporations for this purpose. When two or more

corporations are set up to operate various aspects of a business, there are usually sound business reasons for doing so. We, likewise, recognize that a corporation, or its attorney, can attempt to escape liability from payment of a tort claim against it by raising any legal defense to which it is entitled. However, when intermingled corporations have intermingled agents and officers who conduct the business and management of such corporations in such a manner that the general public is under the impression that they are all one and the same corporation, we feel that these corporations should be bound by their representations and should not benefit from the confusion that emanates from their corporate complexities.

When the mistake as to the identity of the corporations which should have been the proper party defendants was caused or induced by representations of the corporation through their agents and officers, we feel that such corporations should be estopped from disputing the question of their correct identity.

As stated previously, the defendants, Wagon Wheel Country Club, Inc., and Wagon Wheel Enterprises, Inc., were made aware of the filing of the petition within the statute of limitations by service on one of their agents and officers. When the defendant has notice from the beginning of the suit of the claim against it, the reason for statutes of limitations is not as important. Such statutes must be construed in light of their objectives. Their basic policy is to afford a defendant a fair opportunity to investigate the circumstances upon which liability against him is predicated while the facts are still accessible. (*Geneva Construction Co. v. Martin Transfer & Storage Co.*, 4 Ill.2d 273, 289, 290, 122 N.E.2d 540, 549.) Statutes of limitations are for preventing delays in asserting claims and to prevent the asserting of stale claims. It was never intended that such statutes would be the means by which a corporation could escape liability of a tort claim against it by confusing its identity through a complex intermingling of its corporaton names and structure with that of other similar corporations.

We believe that plaintiff's amended complaint correcting his mistake in the name of the defendant corporations is a procedural matter and that he is entitled to a liberal approach in regard to his amendment made pursuant to Ill. Rev. Stat. 1969, ch. 110, par. 46(4).

This court makes no determination on plaintiff's contention that the original suit against the Wagon Wheel Lodge Hotel was a "misnomer" and correctible on motion pursuant to Ill. Rev. Stat. 1969, ch. 110, par. 21(3). The relief sought by plaintiff is provided through Ill. Rev. Stat. 1969, ch. 110, par. 46(4), and any statement concerning the applicability of "misnomer" legal principles would, at this point, be mere dictum.

So that no confusion exists over the impact of the default judgment entered against Wagon Wheel Lodge Hotel on January 24, 1969, this court considers that judgment to be void and of no effect. The language contained in the last sentence of Ill. Rev. Stat. 1969, ch. 110, par. 46(4), stating that "* * * an amendment adding * * * a defendant relates back to the date of the filing of the original pleading * * *" implies that any judgment, default or otherwise, entered against the original defendant will have no force or effect on the new defendant added pursuant to this section.

Upon reversal and remand, defendants shall have the time prescribed by law to file their pleadings to plaintiff's amended complaint computed from the date of this decision.

Therefore, in view of the foregoing, this court is of the opinion that plaintiff should be permitted to proceed on his amended complaint against the defendants, Wagon Wheel Country Club, Inc., and Wagon Wheel Enterprises, Inc. Accordingly, the ruling of the Circuit Court of Winnebago County in dismissing the amended complaint and suit is held to be in error. This cause is reversed and remanded to the trial court to proceed in a manner consistent with the views expressed herein.

Reversed and remanded.

SEIDENFELD and GUILD, JJ., concur.