ELIZABETH GRIFFITH, Plaintiff-Appellant, v. ANDREA PINCHAM, Defendant-Appellee.

First District (2nd Division) No. 77-1798

Opinion filed December 12, 1978.

Sandman, Levy & Moltz, of Chicago (Bernard W. Moltz, of counsel), for appellant.

Theodore M. Becker, of Becker & Tenenbaum, of Chicago, for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Pursuant to Supreme Court Rule 304(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a)), plaintiff, Elizabeth Griffith, appeals an order of the circuit court of Cook County dismissing her personal injury action against defendant, Andrea Pincham. The action was dismissed upon plaintiff's failure to join the defendant until after the limitations period had expired.

The sole issue on appeal is whether the exception to the statute of limitations provided for in section 46(4) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 46(4)) applies in this case.

On December 23, 1974, plaintiff was involved in an automobile collision with two other vehicles, one driven by defendant Andrea Pincham, and the other driven by co-defendant Richard H. Garner, who takes no part in this appeal. The police traffic accident report identified one of the parties involved as "Sandy" Pincham.

On November 8, 1976, plaintiff filed a personal injury complaint naming Richard H. Garner, Eugene Pincham, and "Sherry" Pincham as defendants. On the same date, summons was issued directing the sheriff

to serve "Sherry" Pincham and Eugene Pincham at the same address. The sheriff's return of service indicated that on November 11, 1976, "Sherry" Pincham, noted on the return slip as a black female approximately 40 years old, was personally served, and that Eugene Pincham was served by abode service with the notation that a copy of the summons was left with his wife, a black female approximately 40 years old, who refused to identify herself.

On December 8, 1976, Alzata Pincham (Eugene Pincham's wife) filed a special and limited appearance and motion to quash the return of service on her, shown on the summons as service on Sherry Pincham, stating that she had never been referred to as "Sherry" Pincham; that no one by that name resided at her home; and that after receiving the summons and complaint, she realized it was not meant for her.

On this same date Eugene Pincham filed his motion to dismiss the complaint as to him,[1] stating that the complaint alleged Sherry Pincham negligently operated a motor vehicle as his agent and servant, that he did not know a Sherry Pincham, nor did he allow anyone by that name to operate a motor vehicle as his agent and servant on December 23, 1974.

On January 13, 1977, plaintiff filed a request to Eugene Pincham to admit that on December 23, 1974, he had a daughter named either "Sandy" or "Sherry" Pincham who was a member of his household. Eugene Pincham filed objections to this request on the basis that it sought information which was irrelevant and immaterial.

By court order of March 4, 1977, and over defendant Eugene Pincham's objection, plaintiff was allowed to file instanter an amended complaint naming Andrea Pincham, a/k/a Sherry Pincham, a/k/a Sandy Pincham as an additional party defendant with summons to issue against her instanter.

In his deposition taken on April 8, 1977, Eugene Pincham stated that he was a judge in the circuit court of Cook County, criminal division; that his wife's name was Alzata; that he had a daughter named Andrea Michelle who at the time of the deposition was 23 years old and a medical student living at the University of Illinois Medical School complex in Chicago; that his daughter lived in a building located on the southwest corner of Polk and Wolcott Streets,. but he could not remember the address of the building; that she began living at the medical complex in August of 1976; that his daughter's nickname was Sandy and that she never had been called Sherry; that on December 23, 1974, his daughter was a member of his household and told him about an automobile accident in which she was involved on that day; and that his wife was probably present during this conversation.

---

[1] The trial court granted Eugene Pincham's motion to dismiss the complaint as to him on August 25, 1977.

After several unsuccessful attempts, Andrea Pincham was personally served with summons by a special process server on July 5, 1977.

Thereafter, Andrea Pincham filed a motion to dismiss, urging that the action against her was barred by the statute of limitations. Both parties submitted memoranda and affidavits to support their positions.

Plaintiff filed an affidavit stating that at the time of the accident, defendant introduced herself as "Sherry" Pincham, and as a consequence plaintiff was under the belief that the true name of the defendant was "Sherry" Pincham.

Defendant also filed an affidavit stating that she had never been known as "Sherry" nor did she ever inform anyone including the plaintiff that her name was "Sherry"; and that prior to December 23, 1976, she was not served with summons nor did she know this action was pending against her.

On September 28, 1977, the trial court granted defendant's motion to dismiss the complaint. It is from this order that plaintiff appeals.

## I.

A personal injury action must be commenced within two years from the date the cause of action accrued (Ill. Rev. Stat. 1977, ch. 83, par. 15) by the filing of a complaint (Ill. Rev. Stat. 1977, ch. 110, par. 13(1)). The original complaint in this case was filed approximately six weeks before the statute of limitations expired incorrectly naming "Sherry" Pincham as a defendant. It was not until after the limitations period expired that the complaint was amended to correctly name "Andrea" Pincham as the defendant.

■■ Under common law, failure to join the proper party before the running of the statute of limitations was fatal to the plaintiff's claim. (*Jackson v. Navik* (2d Dist. 1974), 17 Ill. App. 3d 672, 676, 308 N.E.2d 143.) An exception to this rule was provided by section 46(4) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 46(4)).

Section 46(4) allows the addition of a defendant not originally named in the complaint even though the statute of limitations expired if *all* of the following conditions are met: (a) the time prescribed or limited had not expired when the original action was commenced; (b) failure to join the person as a defendant was inadvertent; (c) service of summons was in fact had upon the person, his agent or partner, as the nature of the defendant made appropriate, even though he was served in the wrong capacity or as agent of another; (d) the person, within the time that the action might have been brought or the right asserted against him, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him; and (e) it appears from the original and amended pleadings that the cause of action asserted in the

amended pleading grew out of the same transaction or occurrence set up in the original pleading.

It is defendant's contention that she was never served with summons under any name before the statute of limitations expired, therefore plaintiff did not comply with section 46(4)(c).

Plaintiff argues that defendant was personally served with summons within the two-year statute of limitations, but due to a misnomer and inadvertence, was served under an incorrect name. Plaintiff relies on the return of summons as proof that defendant was personally served. The return of summons states that "Sherry" Pincham was personally served on November 11, 1976, and describes her as a black female approximately 40 years old. That summons also stated that on the same date and at the same time, substituted service was had upon Eugene Pincham by leaving a copy with his wife also described as a black female approximately 40 years old. In his deposition, Eugene Pincham stated that his daughter, Andrea Pincham, was 23 years old. From the record it is apparent that Alzata Pincham, Eugene Pincham's wife, was mistakenly served as "Sherry" Pincham. It is equally clear that Andrea was not served within the statute of limitations.

The only indication in the record that defendant's name was "Sherry" was an affidavit submitted by the plaintiff. However, defendant also submitted an affidavit denying she ever told the plaintiff that her name was "Sherry." Both Alzata and Eugene Pincham filed motions, within the two-year period, stating that no one by the name of "Sherry" resided with them, nor did they know anyone by that name. Plaintiff argues that if Alzata or Eugene Pincham had stated their daughter's correct name, a timely amendment could have been filed. While perhaps proper to do so, we fail to find any authority which imposes a duty on a defendant (Eugene) or a nonparty to the action (Alzata) to inform plaintiff of the correct defendant. See *Greig v. Griffel* (2d Dist. 1977), 49 Ill. App. 3d 829, 834, 364 N.E.2d 660.

The cases cited by the plaintiff fail to support her position. The cases deal with situations where service of summons was in fact had upon an agent of the defendant (*Lang v. Board of Education* (3d Dist. 1969), 109 Ill. App. 2d 195, 198, 249 N.E.2d 862; *Bates v. Wagon Wheel Country Club, Inc.* (2d Dist. 1971), 132 Ill. App. 2d 161, 164, 266 N.E.2d 343),[2] or where the only requirement in dispute was subsection (b), inadvertent failure to join the person as a defendant (*Greig v. Griffel*), or where the issue involved the addition of new causes of action (*Pleasant v. Certified*

---

[2] Plaintiff also cites *Moore v. Jewel Tea Co.* (1970), 46 Ill. 2d 288, 263 N.E.2d 103, in her index of authorities but does not discuss it in her brief. In *Moore,* service was had on a distributor which was wholly owned by the defendant and the case was litigated as if the two were a single entity.

*Grocers of Illinois, Inc.* (1st Dist. 1976), 39 Ill. App. 3d 83, 350 N.E.2d 65; *Stephenson v. Air Products & Chemicals, Inc.* (5th Dist. 1969), 114 Ill. App. 2d 124, 252 N.E.2d 366; *Halberstadt v. Harris Trust & Savings Bank* (1st Dist. 1972), 7 Ill. App. 3d 991, 289 N.E.2d 90).

The Historical and Practice Notes regarding section 46(4) of the Civil Practice Act state as follows:

> "Subsection (4) was added in 1955 to cover the situation in which the plaintiff sues the wrong defendant but serves process upon the agent of the right defendant, and the Statute of Limitations runs on the claim before rectification of the mistake." Ill. Ann. Stat., ch. 110, par. 46(4), Historical and Practice Notes, at 257 (Smith-Hurd 1968).

In *Solone v. Reck* (1st Dist. 1965), 55 Ill. App. 2d 282, 204 N.E.2d 614, the plaintiff filed suit against the owner of the automobile involved in a collision. The owner died after suit had been filed so summons was served upon his wife as administrator of his estate. The answer to the complaint stated that the owner's son was driving at the time of the accident and was not acting as the owner's agent or servant. The court found plaintiff was aware of the owner's defense 10 months before the statute of limitations expired and should have made the son a party defendant. The court also found service on the mother as administrator could not be construed to be service on her as agent or partner of her son. Plaintiff contended that since the son lived with his mother, service on him could have been obtained by leaving a copy of the summons with his mother pursuant to section 13.2 of the Civil Practice Act. (Ill. Rev. Stat. 1961, ch. 110, par. 13.2.) Plaintiff also argued that since the mother was timely served as the administrator of the estate, this constituted compliance with section 46(4)(c). We held that substituted service under section 13.2 could not be held to be service on a person who was not a defendant at the time of service.

In *Stevens v. Yonker* (1st Dist. 1973), 12 Ill. App. 3d 233, 298 N.E.2d 395, plaintiff was injured in an automobile accident involving Bruce Yonker; the complaint named William Yonker as the defendant and the return of the sheriff showed service by leaving a copy with the wife of William Yonker. William Yonker denied the allegations of the complaint and after the statute of limitations had run, the plaintiff sought to amend the pleadings to correct the name of William Yonker to Bruce Yonker. This court found that the plaintiff's motion to amend the pleadings was properly denied; that the plaintiff had sued the wrong party; that no service was attempted upon Bruce Yonker, William Yonker's son; and that William Yonker was not the master or principal of his son.

■■ In the instant case an investigative police report clearly indicated the party was "Sandy" Pincham. There is nothing in the record to indicate

why plaintiff did not rely on or use that information prior to the filing of the complaint. Likewise the affidavits of Eugene and Alzata Pincham, filed in court before the two year period expired, advised plaintiff that proper service had not been effected. Plaintiff failed to comply with section 46(4)(c) which permits the addition of a defendant after the statute of limitations had run only if there has been service of summons on such person, his agent or partner.

In view of our finding and the fact that section 46(4) requires that all conditions must be met before a defendant may be added, it is unnecessary for us to decide whether plaintiff's failure to serve the defendant was inadvertent as required by section 46(4)(b).

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

PERLIN and BROWN[3], JJ., concur.

---

[3] Justice Brown participated in this decision while assigned to the Illinois Appellate Court, First District.