*In re* ESTATE OF THOMAS B. RICE (Estate of Thomas B. Rice, Petitioner-Appellee, v. Universal Scheduling Company, Respondent-Appellant).

First District (2nd Division) No. 86—0820

Opinion filed March 24, 1987.

Robert H. King, Jr., of Sonnenschein, Carlin, Nath & Rosenthal, of Chicago, for appellant.

Dinah B. Dyer, of Wisch & Dyer, Ltd., of Chicago, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

Thomas B. Rice was a member of the respondent, Universal Scheduling Company (hereinafter USC), partnership. Rice died on November 16, 1983. Letters of office issued on February 23, 1984, naming Redina Friedman and John P. Wilson as co-executors.[1] About a

---

[1] It appears that one co-executor is also a member of the USC partnership and a party to the partnership agreement. As such, it appears that as co-executor he owes a fiduciary duty to the petitioner, and as a partner, he owes a fiduciary duty to the respondent. No point has been raised regarding this possible conflict of interest and we will not consider it for purposes of this appeal.

year after the estate was opened, the executor caused a citation to be issued against USC to discover assets. USC responded by furnishing the estate with the requested documents. Thereafter, on November 18, 1985, more than two years after decedent's death, a citation was issued against USC to recover assets. The assets sought to be recovered by the estate were alleged as additional compensation for personal services due to the decedent for the three-year period prior to his death. Respondent filed an answer and counterclaim alleging that the decedent devoted virtually no time to the business during the last three years of his life and that his conduct constituted a breach of the partnership agreement and resulted in overcompensation and unjust enrichment of the decedent. The estate moved to dismiss this "Third Additional Defense and Counterclaim" because it was not filed within six months after the issuance of letters of office and, therefore, was barred by the statute of limitations (Ill. Rev. Stat. 1985, ch. 110, par. 13—209; Ill. Rev. Stat. 1985, ch. 110½, par. 18—12). On February 27, 1986, the trial court entered an order dismissing the defense and counterclaim with prejudice. This timely appeal followed.

The issue presented in this case is whether a decedent can assert a claim against a living person or an existing entity two years after death and then attempt to bar the defense or counterclaim[2] which arises out of the same transaction because it was not filed within six months after the issuance of letters of office.

Except for expenses of administration and spouse's or child's award, "[a]ll claims against the estate of a decedent *** not filed *** within 6 months after the entry of the original order directing issuance of letters of office are barred as to all of the decedent's estate." (Ill. Rev. Stat. 1985, ch. 110½, par. 18—12.) The purpose of this section of the Probate Act is to encourage the prompt settlement of claims and the early closing of estates. (*Estate of Garawany* (1980), 80 Ill. App. 3d 401, 404, 399 N.E.2d 1024.) We must determine whether this laudatory statutory purpose has been served in this case.

Where the assertion of a claim by a decedent may invite a defense or counterclaim, is it the duty of the executor to withhold the claim until the passage of six months and then invoke section 18—12 as a bar? We think not.

Code pleading was adopted in this State because procedural pit-

---

[2]The Code of Civil Procedure, chapter 110, section 2—608(a), provides that "[a]ny claim *** whether in the nature of setoff, recoupment, cross claim or otherwise, and whether in tort or contract, for liquidated or unliquidated damages, or for other relief, may be pleaded as a cross claim in any action, and when so pleaded shall be called a counterclaim." Ill. Rev. Stat. 1985, ch. 110, par. 2—608(a).

falls of common law pleading often denied litigants an opportunity to have their differences determined on the merits. (*Miller v. Enslen* (1978), 60 Ill. App. 3d 865, 868, 377 N.E.2d 282.) The Code of Civil Procedure applies to probate proceedings. (Ill. Rev. Stat. 1985, ch. 110½, par. 1—6.) The Code provides that "[t]his Act shall be liberally construed, to the end that controversies may be speedily and finally determined *according to the substantive rights of the parties.*" (Emphasis added.) Ill. Rev. Stat. 1985, ch. 110, par. 1—106.

■■ ■ Where a plaintiff brings an action against a defendant, "a defendant may plead a set-off or counterclaim barred by the statute of limitation." (Ill. Rev. Stat. 1985, ch. 110, par. 13—207.) This section has been liberally construed. Even if the plaintiff's action is dismissed, the counterclaim survives. The savings clause of section 13—207 "opens the door and exposes the initiating party to otherwise stale claims. The clause *does not* contain a provision which closes the door if the initiating party's claim is later dismissed. In sum, once the statute of limitations is waived, it remains waived even if the claim which triggered the waiver is later dismissed." (Emphasis in original.) *Ogg v. City of Springfield* (1984), 121 Ill. App. 3d 25, 34, 458 N.E.2d 1331, *appeal denied* (1984), 99 Ill. 2d 530.

The language of section 13—207 is broad. It applies "to any action." There is no language in section 13—207 that makes special mention of decedents' estates. We conclude that the words used in section 13—207 that "a defendant may plead a set-off or counterclaim barred by the statute of limitation *** *to any action* *** by the plaintiff or person under whom [plaintiff] claims" is broad enough to apply to a decedent's estate. (Emphasis added.) This is consistent with the requirements that the Code of Civil Procedure be liberally construed and that controversies be determined according to the substantive rights of the parties. Ill. Rev. Stat. 1985, ch. 110, par. 1—106.

Even section 18—12 specifically provides for an exception to the six-month statute of limitations. "[T]his Section does not bar actions to establish liability of the decedent to the extent the estate is protected by liability insurance." (Ill. Rev. Stat. 1985, ch. 110½, par. 18—12(a).) This expresses an intent to protect the scheduled assets of the estate and at the same time permit a claimant to assert rights against the estate so long as there is no diminution of existing assets. Applying this principle to the case at bar, using the setoff or counterclaim to meet but not exceed the claim against the estate would not cause a diminution of the scheduled assets of the estate.

Upholding the trial court's order would encourage executors or administrators to delay the assertion of claims against third parties

because they may result in setoffs or counterclaims against the estate. In addition, executors or administrators would follow this strategy to avoid a charge of malfeasance and to avoid the possibility of having to defend against an action for removal by dissatisfied heirs or legatees.

There are instances where rightful claimants are motivated by some noble purpose to forbear asserting their rights against decedents. Faced by the possible loss of at least a setoff, such claimants would be encouraged to make claims they would otherwise forego. Likewise, persons with doubtful claims against the estate and a possible liability to the estate would be encouraged to take action.

It is obvious that if we encourage executors or administrators to delay asserting timely claims, or if we encourage charitable persons or doubtful claimants to assert claims, we defeat the letter and spirit of section 18—12 of the Probate Act. Such encouragement would not promote the prompt settlement of claims and the early closing of estates.

The philosophy and purpose of modern Code pleading is better served by allowing the respondent USC to assert its setoff or counterclaim at least to the extent of the claim against it. This is consistent with permitting a determination "according to the substantive rights of the parties" and is consistent with section 13—207 which specifically permits such setoffs or counterclaims. At the same time, it does not offend the letter and spirit of section 18—12 because there will not be any diminution of the scheduled assets of the estate.

We express no opinion regarding the validity of a recovery against the estate in excess of the amount sought by the estate against the claimant. That matter is not before us at this time.

Accordingly, the order of the circuit court of Cook County is reversed and this cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

SCARIANO, P.J., and HARTMAN, J., concur.