815 N.E.2d 842 (2004)
352 Ill. App.3d 33
287 Ill.Dec. 198
Veronica BARRAGAN, Indiv. and as Special Adm'r of the Estate of Roberto Barragan, Deceased, and Jesus Barragan, Plaintiffs,
v.
OSMAN CONSTRUCTION CORPORATION, Defendant-Appellant (Casco Design Corporation, Defendant-Appellee).
No. 1-01-2557.
Appellate Court of Illinois, First District, Second Division.
August 24, 2004.
*843 Matthew J. Egan of Pretzel & Stouffer, Chtd., Chicago (Robert Marc Chemers and Scott L. Howie, of counsel), for Appellant.
Momkus Ozog & McCluskey LLC, Downers Grove (James P. Marsh and James F. McCluskey, of counsel), for Appellee.
Justice CAHILL delivered the opinion of the court:
This case involves the interplay between two statutes: section 13-204 of the Code of Civil Procedure (Code), governing claims for contribution and indemnity (735 ILCS 5/13-204 (West 2000)), and section 13-207 of the Code, governing counterclaims and setoff (735 ILCS 5/13-207 (West 2000)).
Defendant Osman Construction Corporation (Osman) appeals the dismissal of its counterclaim for contribution against defendant Casco Design Corporation (Casco). The trial court determined that Osman's counterclaim was barred by the two-year statute of limitations in section 13-204 (735 ILCS 5/13-204 (West 2000)). Osman appeals, arguing that the trial court should have applied section 13-207, which allows counterclaims barred by time limits to proceed (735 ILCS 5/13-207 (West 2000)). We affirm.
Plaintiff Jesus Barragan was injured and his brother Roberto Barragan was killed when a masonry wall collapsed at a construction site where they were working *844 on July 8, 1997. They were employed by Masonry Construction Corporation, a subcontractor of Osman, the general contractor. Casco was the architect. The original lawsuit was a negligence action filed by Jesus against Osman on July 15, 1997. Veronica Barragan, special administrator for the estate of Roberto, joined Jesus in filing a first amended complaint on July 18, 1997, adding a wrongful death claim and Casco as a defendant. Osman and Casco were served with the first amended complaint on August 6, 1997. Casco filed a counterclaim for contribution against Osman on July 29, 1999, about one week before the limitations period expired. Osman filed a counterclaim for contribution against Casco on December 7, 2000. A settlement agreement followed, requiring Osman to pay the Barragans $4.65 million without contribution from Casco.
Casco moved to dismiss Osman's counterclaim under section 2-619 of the Code (735 ILCS 5/2-619(a)(5) (West 2000) (involuntary dismissal of a complaint for not being commenced within the statutory time limit)). Casco argued that Osman's counterclaim was barred by the two-year limitation for contribution actions under section 13-204 of the Code (735 ILCS 5/13-204 (West 2000)) because Osman was served with the original complaint in the underlying action on August 6, 1997, but did not file its counterclaim for contribution against Casco until December 7, 2000, well beyond the two-year limit. The trial court agreed and granted Casco's motion to dismiss. Osman appeals.
The question on review is whether the trial court should have allowed Osman's counterclaim to proceed under section 13-207. We review de novo a dismissal based on a statute of limitations under section 2-619(a)(5) of the Code (735 ILCS 5/2-619(a)(5) (West 2000)). Broadnax v. Morrow, 326 Ill.App.3d 1074, 1077, 261 Ill.Dec. 225, 762 N.E.2d 1152 (2002).
We begin our analysis with the language and the legislative history of the two statutes.
The General Assembly enacted the precursor of section 13-207 (Ill.Rev.Stat.1981, ch. 83, par. 18) in 1982 (Pub. Act 82-280, eff. July 1, 1982). The statute was amended one year later (Pub. Act 83-707, eff. September 23, 1983), but the changes were not substantive. The purpose of section 13-207 is to prevent plaintiffs from intentionally filing their claims as late as possible, depriving the defendants of a reasonable opportunity to file counterclaims within the original limitations period. Cameron General Corp. v. Hafnia Holdings, Inc., 289 Ill.App.3d 495, 506, 225 Ill.Dec. 568, 683 N.E.2d 1231 (1997). Section 13-207 provides:
"A defendant may plead a set-off or counterclaim barred by the statute of limitation, while held and owned by him or her, to any action, the cause of which was owned by the plaintiff or person under whom he or she claims, before such set-off or counterclaim was so barred, and not otherwise." 735 ILCS 5/13-207 (West 2000).
The General Assembly enacted the precursor of section 13-204 in 1981 (Ill.Rev.Stat.1981, ch. 83, par. 15.2) and amended it substantively in 1995 (Pub. Act 88-538, eff. January 1, 1995) to include indemnity claims within its purview. Guzman v. C.R. Epperson Construction, Inc., 196 Ill.2d 391, 401, 256 Ill.Dec. 827, 752 N.E.2d 1069 (2001). The amended version mandated the trigger date for filing a third-party action as "the date of service or of knowledge of the wrongful action or omission, whichever is later." Guzman, 196 Ill.2d at 401, 256 Ill.Dec. 827, 752 N.E.2d 1069. The two-year statute of limitations applies to all actions for *845 contribution or indemnity except medical malpractice claims. Lucey v. Law Offices of Pretzel & Stouffer, Chartered, 301 Ill.App.3d 349, 364, 234 Ill.Dec. 612, 703 N.E.2d 473 (1998). Section 13-204 provides, in relevant part:
"(b) In instances where an underlying action has been filed by a claimant, no action for contribution or indemnity may be commenced more than 2 years after the party seeking contribution or indemnity has been served with process in the underlying action or more than 2 years from the time the party, or his or her privy, knew or should reasonably have known of an act or omission giving rise to the action for contribution or indemnity, whichever period expires later.
(c) The applicable limitations period contained in subsection * * * (b) shall apply to all actions for contribution or indemnity and shall preempt, as to contribution and indemnity actions only, all other statutes of limitation or repose, but only to the extent that the claimant in an underlying action could have timely sued the party from whom contribution or indemnity is sought at the time such claimant filed the underlying action, or in instances where no underlying action has been filed, the payment in discharge of the obligation of the party seeking contribution or indemnity is made before any such underlying action would have been barred by lapse of time." 735 ILCS 5/13-204 (West 2000).
The parties agree that section 13-204, if it applies, bars Osman's counterclaim for contribution. The first step in reconciling the two statutes is to apply the principles of statutory construction. "The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature." Beetle v. Wal-Mart Associates, Inc., 326 Ill.App.3d 528, 531-32, 260 Ill.Dec. 520, 761 N.E.2d 364 (2001), citing People v. Owens, 323 Ill.App.3d 222, 228, 257 Ill.Dec. 318, 753 N.E.2d 513 (2001). The best indication of legislative intent is the plain language in the statute. Metzger v. DaRosa, 209 Ill.2d 30, 34-35, 282 Ill.Dec. 148, 805 N.E.2d 1165 (2004). The court is to give a statute its full effect without resorting to other aids of statutory construction, if the language itself is clear. Metzger, 209 Ill.2d at 35, 282 Ill.Dec. 148, 805 N.E.2d 1165.
Where a conflict arises, "a court has a duty to interpret the statutes in a manner that avoids an inconsistency and gives effect to both statutes, where such an interpretation is reasonably possible." Beetle v. Wal-Mart Associates, Inc., 326 Ill.App.3d 528, 532, 260 Ill.Dec. 520, 761 N.E.2d 364 (2001). In construing conflicting statutes, "the court may consider the reason and necessity for the legislation, the evils it was designed to remedy, and the objects and purposes the General Assembly sought to achieve." Eads v. Heritage Enterprises, Inc., 204 Ill.2d 92, 103, 272 Ill.Dec. 585, 787 N.E.2d 771 (2003). "Where there are two statutory provisions, one of which is general and designed to apply to cases generally, and the other is particular and relates to only one subject, the particular provision must prevail[,] * * * especially where the particular provision is later in time of enactment." Bowes v. City of Chicago, 3 Ill.2d 175, 205, 120 N.E.2d 15 (1954). A later enactment prevails over an earlier one as the later expression of legislative intent. Jahn v. Troy Fire Protection District, 255 Ill.App.3d 933, 941, 194 Ill.Dec. 574, 627 N.E.2d 1216 (1994).
Here, by applying the plain language of the two statutes, we believe section 13-204 prevails. The Barragans filed the underlying action on July 15, 1997. Osman and Casco were served with notice of the first amended complaint on August *846 6, 1997. Under section 13-204, Osman had to file its action for contribution within two years after being served with process, that is, no later than August 6, 1999. Yet because Osman's action was a counterclaim, the subject of section 13-207, and Osman owned the claim before it was barred, section 13-207 seemingly would apply. But section 13-204(c) preempts section 13-207: "The applicable limitations period [two years] * * * shall preempt, as to contribution and indemnity actions only, all other statutes of limitation * * *." 735 ILCS 5/13-204(c) (West 2000). Osman's counterclaim was an action for contribution. The two-year limitation in section 13-204 applies to such actions and cannot be overridden by a different limitations provision.
To avoid this result, Osman argues that section 13-207 is not a statute of limitations as that term is generally understood. More precisely, Osman contends, it is an exception to a statute of limitations and, as such, section 13-204 does not preempt it. We disagree. In construing statutes, the general use of a term should not be held to defeat the intended effect of a statute. Dignan v. Midas-International Corp., 65 Ill.App.3d 188, 192, 22 Ill.Dec. 239, 382 N.E.2d 559 (1978).
Osman concedes in its appellate brief that Casco filed its claim "well before the last minute." While it is arguable that filing a counterclaim one week before the statutory deadline is not "well" before the last minute, the timing does not foreclose a response. The legislative intent of section 13-207 was to dissuade plaintiffs from intentionally filing their complaints at the last minute to block counterclaims. Cameron, 289 Ill.App.3d at 506, 225 Ill.Dec. 568, 683 N.E.2d 1231. Osman was not deprived of a reasonable opportunity to file its counterclaim. Both statutes can be given their full effect because the circumstances underlying section 13-207 are not present here. Our conclusion that Osman was not deprived of a reasonable opportunity to file its counterclaim within the section 13-204 time limit is further supported by the fact that Osman waited until December 7, 2000, four months after the deadline, to file. The filing occurred shortly before a settlement agreement that required Osman to pay $4.65 million was reached.
Even if we determined that the plain language and legislative intent of the statutes were insufficient to resolve the conflicts between them, section 13-204 prevails because it is more specific. Section 13-204 applies to specific kinds of counterclaims. Third-party counterclaims for contribution and indemnity are a subset of the general category of counterclaims. See Johnson v. Core-Vent Corp., 264 Ill.App.3d 833, 836-37, 201 Ill.Dec. 294, 636 N.E.2d 726 (1993) (a specific statute prohibiting actions against dentists after the expiration of a two-year statute of limitations or a four-year statute of repose prevailed over section 13-207, a more general statute).
Section 13-204 also is the more recent in terms of enactment, having been amended in 1995. Section 13-207 has not been substantively amended since it took effect in 1982. Had the General Assembly wished to alter the interplay between these two statutes, it could have done so in 1995.
Osman bases its arguments on cases that predate the amendment of section 13-204 and interpret section 13-207 as a general savings statute. Osman cites Benckendorf v. Burlington Northern R.R., 112 Ill.App.3d 658, 68 Ill.Dec. 193, 445 N.E.2d 837 (1983), to argue that no reported decisions hold that his counterclaim falls outside the saving provision of section 13-207. Osman further relies on Benckendorf to fashion an argument requiring different applications of the statutes depending on whether the actions are among, for example, *847 "passive coparties," "nominal counterclaimants" and "crossclaimants." Osman cites Ogg v. City of Springfield, 121 Ill.App.3d 25, 76 Ill.Dec. 531, 458 N.E.2d 1331 (1984), to argue that section 13-207 saves its claim because it was filed as a counterclaim against Casco's previous counterclaim.
There is no doubt that the courts in Benckendorf and Ogg properly analyzed section 13-207, but both predate section 13-204, as amended. We cannot ascertain what those courts would have done if they were required to read the two statutes together and reconcile them. Under the facts before us here, section 13-204 prevails and the trial court properly dismissed Osman's counterclaim for contribution.
The judgment of the trial court is affirmed.
Affirmed.
BURKE, J., concurs.
McBRIDE, J., dissents.
Justice McBRIDE, dissenting:
I respectfully dissent from the majority's decision for the following reasons. First, the majority concludes that there is a conflict between section 13-204 and section 13-207. In my opinion, there is no conflict; section 13-204 is a statute of limitations; section 13-207 is not. Section 13-207 is a specific exception to the statute of limitations. Bethlehem Steel Corp. v. Chicago Eastern Corp., 863 F.2d 508, 512 (7th Cir.1988). Our courts have continually referred to section 13-207 as a "savings" clause. Benckendorf, 112 Ill.App.3d at 663, 68 Ill.Dec. 193, 445 N.E.2d 837; Ogg, 121 Ill.App.3d at 34, 76 Ill.Dec. 531, 458 N.E.2d 1331; In re Estate of Rice, 154 Ill.App.3d 591, 593, 107 Ill.Dec. 414, 507 N.E.2d 78 (1987); Cameron, 289 Ill.App.3d at 506, 225 Ill.Dec. 568, 683 N.E.2d 1231.
Under section 13-207, a party waives its statute of limitations defense against a counterclaim brought by an opponent, as long as the counterclaim was not barred when the cause of action forming the basis of the claims in the primary complaint arose. Cameron, 289 Ill.App.3d at 506, 225 Ill.Dec. 568, 683 N.E.2d 1231. The savings clause of section 13-207 opens the door and exposes the initiating party to otherwise stale claims. In re Estate of Rice, 154 Ill.App.3d at 593, 107 Ill.Dec. 414, 507 N.E.2d 78.
Second, the language of section 13-207 is broad and it applies to "any action" (735 ILCS 5/13-207 (West 2000)). In re Estate of Rice, 154 Ill.App.3d at 593, 107 Ill.Dec. 414, 507 N.E.2d 78. It should therefore be applied in this case.
Third, the majority dismisses the reasoning of Benckendorf and Ogg because they were decided before the amendment to section 13-204. However, those decisions involved contribution claims and specifically whether the statute of limitations barred those otherwise stale contribution claims. These cases are on point and, in my opinion, control. Further, we can presume that prior to enacting the contribution statute of limitations, the legislature acted with knowledge of the prevailing case law. Hansen v. Caring Professionals, Inc., 286 Ill.App.3d 797, 805-06, 222 Ill.Dec. 145, 676 N.E.2d 1349 (1997); Clark v. Han, 272 Ill.App.3d 981, 989, 209 Ill.Dec. 371, 651 N.E.2d 549 (1995). This is further evidence that the legislature never intended to have section 13-207 preempt section 13-204.
More recently, another division of the First District held that a defendant's counterclaim was not barred by the one year statute of limitations contained in section 13-217 of the Code of Civil Procedure (735 ILCS 5/13-217 (West 1994)), for actions voluntarily dismissed, but not refiled within one year of that voluntary dismissal. *848 Mermelstein v. Rothner, 349 Ill.App.3d 800, 285 Ill.Dec. 641, 812 N.E.2d 461 (2004). Mermelstein reaffirmed that section 13-207 "is based on the theory that plaintiff waives application of the statute of limitations with regard to potential counterclaims." Mermelstein, slip op. at 5, 349 Ill.App.3d at 804, 285 Ill.Dec. 641, 812 N.E.2d 461.
The majority says section 13-204 "preempts" section 13-207. It further holds that section 13-204 cannot be overridden by a different limitations provision. Op. 287 Ill.Dec. at 202, 815 N.E.2d at 846. Although the language of the statute states "no action for contribution * * * may be commenced more than 2 years after the party seeking contribution has been served with process" (735 ILCS 5/13-204 (West 2000)), it only preempts other statutes of limitations. Because section 13-207 is not a statute of limitations, it is not preempted by section 13-204. The majority's analysis is flawed because it has made section 13-207 something that it is not, a statute of limitations.
Therefore, I would reverse the decision of the trial court dismissing Osman's counterclaim, and I dissent.