No. 2--03--1297                  

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE ESTATE OF DEBRA A. HEANUE, ) Appeal from the Circuit Court

Deceased, by and through Thomas A. Heanue, ) of Winnebago County.

Jr.,
 Administrator, and THOMAS
 A. HEANUE,
 )

JR., 
Individually, )

)

Plaintiffs-Appellants, ) 

)

) No. 03--L--218

)

LESLIE EDGCOMB, ) Honorable

) Ronald L. Pirrello,

Defendant-Appellee. ) Judge, Presiding.

JUSTICE GROMETER delivered the opinion of the court:

Plaintiffs, Thomas A. Heanue, Jr., and the estate of Debra A. Heanue, appeal an order of the circuit court of Winnebago County dismissing their complaint against defendant, Leslie Edgcomb,  pursuant to section 2--619 of the Civil Practice Law (735 ILCS 5/2--619 (West 2002)).  The complaint alleged medical negligence.  The trial court found that defendant was immune under section 25 of the Good Samaritan Act (Act) (745 ILCS 49/25 (West 2002)).  Plaintiffs also appeal the denial of their motion to reconsider, in which they asserted that they should have been allowed to conduct discovery prior to the dismissal of the case.  For the reasons that follow, we reverse and remand.

The following facts are taken from plaintiffs' complaint and supporting documents submitted by the parties.  On June 6, 2001, Debra Heanue underwent an "elective IJ dialysis catheter insertion" and was then taken to the recovery room at Swedish American Hospital.  The procedure was performed by Dr. Marc Whitman, who is a partner of defendant in Rockford Surgical Service, S.C. (Rockford Surgical).  Following the completion of the procedure, Whitman was not available.  A nurse, who observed that medication given to Debra was not working properly, attempted to page Whitman and then contacted Rockford Surgical.  The nurse told personnel at Rockford Surgical to send a doctor over immediately.  Subsequently, defendant entered the recovery room and took over treatment of Debra.   

Plaintiffs brought this action, alleging negligence in defendant's treatment of Debra.  In response, defendant immediately moved to dismiss, asserting that section 25 of the Act (745 ILCS 49/25 (West 2002)) provided him with immunity.  This section provides:

"Any person licensed under the Medical Practice Act of 1987 or any person licensed

to practice the treatment of human ailments in any other state or territory of the United States who, in good faith, provides emergency care without fee to a person, shall not, as a result of his or her acts or omissions, except willful or wanton misconduct on the part of the person, in providing the care, be liable for civil damages."  745 ILCS 49/25 (West 2002).

In support of his motion, defendant submitted an affidavit averring that he is a member of Rockford Surgical and was functioning in that capacity when he rendered care to Debra; that she was not his patient but he was asked to attend to her; and that he did not charge a fee for the care he provided to her.  Additionally, defendant submitted a copy of Debra's patient account, which shows no charge for his services.

The trial court granted defendant's motion.  It held that the only evidence before it was that defendant responded to an emergency situation and that he provided care in good faith and without a fee.  The trial court acknowledged that defendant's professional relationship with Rockford Surgical was "troubling" in that it suggested the existence of a preexisting duty to render care to Debra; however, the court ultimately concluded that no such duty existed.  Plaintiffs moved the trial court to reconsider.  In denying the motion, the trial court first observed that there was no law to support plaintiffs' claim that the existence of the relationship between defendant and Rockford Surgical precluded immunity.  Next, the court rejected plaintiffs' argument that they should be allowed to conduct further discovery, specifically noting that plaintiffs did not request such an opportunity until after their case was dismissed.

Plaintiffs now appeal.  They argue that the trial court erred both in granting defendant's section 2--619 motion and in denying their motion to reconsider. We will address the motion to dismiss first.

Review of a trial court's decision to grant a motion to dismiss pursuant to section 2--619 (735 ILCS 5/2--619 (West 2002)) is 
de novo
.  
Compton v. Ubilluz
, 351 Ill. App. 3d 223, 228 (2004).  A section 2--619 motion admits the legal sufficiency of the complaint and raises other defects or defenses that defeat the claim.  
Krilich v. American National Bank & Trust Co. of Chicago
, 334 Ill. App. 3d 563, 569-70 (2002).  Such other matters may appear on the face of the complaint or may be established by the submission of additional evidence.  
Krilich
, 334 Ill. App. 3d at 569-70.  The dismissal may be based solely on the law, or it may rest on easily proved matters of fact.  
Krilich
, 334 Ill. App. 3d at 570.  A court may consider any pleadings, depositions, and affidavits of record.  
Cohen v. McDonald's Corp.
, 347 Ill. App. 3d 627, 632 (2004)

Section 25 of the Act (745 ILCS 49/25 (West 2002)), as amended in 1998, has been construed to require a doctor seeking to invoke its protection to prove: (1) that he or she provided emergency care and (2) that he or she did not charge a fee (the earlier requirement that the doctor had no notice of the injury was eliminated in 1998).  See 
Somoye v. Klein
, 349 Ill. App. 3d 209, 213 (2004); 
Blanchard v. Murray
, 331 Ill. App. 3d 961, 967 (2002).  Although infrequently mentioned in the case law, the statute also requires that the services be provided in good faith.  See 745 ILCS 49/25 (West 2002).  The legislature has specified that the Act be liberally construed to effectuate its purposes.  745 ILCS 49/2 (West 2002).

Plaintiffs argue that defendant is not entitled to immunity under section 25 of the Act.  Their arguments fall into two main categories.  First, they argue that defendant had a preexisting duty to treat Debra.  In support, they rely upon the inference, which we agree is legitimately raised from the record, that defendant treated Debra at the request of Rockford Surgical.  Moreover, they assert that defendant was acting as a compensated agent of Rockford Surgical.  They contend that defendant had an independent duty to provide care to a patient of his practice, and they assert that Debra was a patient of the medical group to which defendant belonged.

We find this, and all other similar arguments, foreclosed by the recent case of 
Neal v. Yang
, 352 Ill. App. 3d 820 (2004).  In that case, this court stated that, "[b]ased on the clear language of the Act and a review of the relevant Illinois case law, we hold that a physician need not prove the absence of a preexisting duty to render aid to the patient in order to be immunized under section 25 of the Act."  
Neal
, 352 Ill. App. 3d at 829.  Thus, even if defendant had a duty prior to the time he provided aid to Debra, this, by itself, would not prevent defendant from claiming immunity.  The existence of a duty might, nevertheless, be relevant to certain factual inquiries, which we will explain in our discussion of "good faith" that follows below. 

Plaintiffs' second argument is directed to the issue of whether a fee was charged.  Plaintiffs contend that defendant did not provide medical services "without fee" as contemplated by the Act.  See 745 ILCS 49/25 (West 2002).  Plaintiffs note that Rockford Surgical charged thousands of dollars for the services provided to Debra.  They reason that, as a member of Rockford Surgical, defendant benefitted financially from its relationship with Debra.  The documentation submitted by defendant in support of his motion to dismiss, plaintiffs point out, indicates that Rockford Surgical did bill Debra for services provided to her on August 14, 2001.  Plaintiffs also argue that defendant was protecting the interest of his principal when he went to provide care to Debra on June 6, 2001.  We will accept, for the purpose of resolving this appeal, that defendant benefitted financially from Rockford Surgical doing business with Debra.  We nevertheless conclude that this financial relationship does not constitute charging a fee for services as contemplated by the Act.

Plaintiffs aptly frame the issue in a passage of their brief where they attack defendant's affidavit on the ground that, while it states that he did not bill for his services, it does not state that he was not compensated for the treatment that was provided to Debra.  In other words, is the fact that defendant benefitted financially from his relationship with Rockford Surgical, which benefitted from conducting business with Debra, sufficient to remove the protection that section 25 provides him as a doctor rendering emergency care?  

To answer this question, we are confronted with an issue of statutory construction.  The relevant portion of section 25 states that it applies to a physician who "provides emergency care without fee."  745 ILCS 49/25 (West 2002).  Thus, we must consider whether the fact that some economic benefits flowed to defendant through Rockford Surgical means that defendant received a fee as contemplated by the legislature in section 25.  Our primary goal in construing a statute, of course, is to ascertain and give effect to the intent of the legislature.  
Beetle v. Wal-Mart Associates, Inc.
, 326 Ill. App. 3d 528, 531 (2001).  The best indicator of that intent is the plain language of the statute itself.  
Barragan v. Osman Construction Corp.
, 352 Ill. App. 3d 33, 36 (2004).  Unless a different intention is manifested, we must give the words of a statute their plain and ordinary meaning. 
Paris v. Feder
, 179 Ill. 2d 173, 177 (1997).  We therefore must focus on the meaning of the word "fee."

One common source defines "fee" as "compensation often in the form of a fixed charge for professional service or for special and requested exercise of talent or of skill."  
Webster's Third New International Dictionary 833 (2002).
  Similarly, Black's Law Dictionary states that a "fee" is "[a] charge for labor or services, esp. professional services."  Black's Law Dictionary 629 (7th ed. 1999).  These definitions do not encompass all relationships where some financial benefit flows to an individual; rather, they envision a very specific sort of relationship where the economic benefit is derived directly from the service performed.  In other words, a fee is generated by and tied to the service performed.

The legislature could have easily said that the immunity conferred by section 25 is available to those who provide emergency care without deriving any economic benefits, but it did not.  It specifically chose the term "fee."  See 745 ILCS 49/25 (West 2002).   To accept plaintiffs' argument would be to impose a limitation on the operation of section 25 that the legislature did not express.  We are powerless to limit the scope of a statute in this manner.  
County of Lake v. Board of Education of Lake Bluff School District No. 65, Lake County
, 325 Ill. App. 3d 694, 701 (2001) ("We may not depart from the plain language by reading into it exceptions, limitations, or conditions that the legislature did not express").   Accordingly, we hold that the legislature contemplated that section 25 would apply except where a doctor charges a fee specifically for the services at issue.

As such, while there may indeed be a question of fact as to whether defendant derived some economic benefit from Debra's relationship with Rockford Surgical, the question is not material.  Even if plaintiffs were able to establish this proposition, defendant would be immune under section 25 because, as shown by the record, he did not charge a fee as contemplated by the legislature.  Therefore, this challenge to the trial court's grant of the motion to dismiss must fail.

Plaintiffs warn that our interpretation could lead to an absurd result.  They assert that any doctor providing emergency care could avoid liability simply by omitting from an itemized bill any specific charge for the doctor's services.  Statutes, of course, must be construed to avoid absurd results.  
People v. Kucharski
, 346 Ill. App. 3d 655, 661 (2004).  Plaintiffs' argument overlooks additional language in section 25.  Although it has been left largely unaddressed in the case law (see, 
e.g.
, 
Neal
, 352 Ill. App. 3d 820), section 25 requires not only that a physician provide emergency care without a charge, it states that a doctor's actions must be performed in good faith.  See 745 ILCS 49/25 (West 2002).  Specifically, it states, in relevant part, that a physician "who, in good faith, provides emergency care without fee to a person" is immune.  745 ILCS 49/25 (West 2000).  As it appears in the statute, "good faith" modifies both "provides emergency care" and "without fee."  See 745 ILCS 49/25 (West 2000).  Refraining from charging a fee simply to invoke the protection of section 25 would seem to violate the requirement that the doctor's actions be taken in good faith, particularly if the decision not to charge a fee was made following treatment that could potentially expose a doctor to liability.  Thus, we find plaintiffs' concerns ill founded.  We note that the parties do not address the issue of good faith relative to defendant's conduct.

It is at this point that the existence of a preexisting duty may be relevant.  
While 
Neal
 explicitly holds that a physician need not prove the absence of a preexisting duty to a patient in order for the Act to apply (
Neal
, 352 Ill. App. 3d at 829), it never discusses the good-faith issue or the question of whether it is bad faith for a doctor not to bill for services when he normally would have.  While a doctor may not have to prove the absence of a preexisting duty in order for the Act to apply, he must nonetheless have made in good faith
 the decision not to bill.  The Act draws no distinction between a physician who is just passing by and renders emergency aid to a patient with whom he has no relationship and a physician who has an existing treating relationship with the patient.  
However, the question now becomes whether the decision not to send a bill to the patient was in good faith.

The record in this case allows an inference that the reason no bill was sent for the emergency care was that defendant sought to trigger the Act.  The deceased was billed for treatment prior to the emergency and for treatment following the emergency on the same day.  These bills include time for the services of defendant.  Typically, a preexisting duty to treat means there is a corresponding duty to pay for the treatment, which, again typically, leads to a bill.  If preexisting duty is relevant to a determination of why a patient was not billed, then it is relevant to a determination whether, in bad faith, a patient was not billed in order to trigger the Act. 

We do recognize that the issue of good faith relative to a doctor's actions and immunity under section 25 has been largely unaddressed to this point.  In fact, many recent cases simply state that a doctor must show three things--lack of prior notice, no charge of a fee, and an emergency situation--to invoke the protection of the section 25.  See, 
e.g.
, 
Somoye
, 349 Ill. App. 3d at 213; 
Rivera v. Arana
, 322 Ill. App. 3d 641, 647 (2001).  The notice requirement has been eliminated.  
Somoye
, 349 Ill. App. 3d at 213.  These cases do not mention "good faith" as it relates to these elements, despite the term's prominent placement in the language of the statute.  See 745 ILCS 49/25 (West 2002).  Given the state of the case law, we find it most equitable to remand this cause so that the parties may address the issue of whether defendant's decision not to charge a fee was made in good faith.

We will now turn our attention to plaintiffs' motion to reconsider.  The disposition of a motion to reconsider lies within the discretion of the trial court, and a court of review will not disturb a trial court's decision absent an abuse of that discretion.  
Williams v. Covenant Medical Center
, 316 Ill. App. 3d 682, 693 (2000).  In the motion, plaintiffs asserted that they should have been allowed to conduct discovery regarding the circumstances under which defendant came to provide care to Debra, to determine if defendant was, in fact, a volunteer.  As discussed above, the issue of whether defendant was a volunteer or whether he had a preexisting duty to Debra is not material to the application of section 25.  Similarly, whether defendant received any economic benefit from his relationship with Rockford Surgical is not relevant.  We would be hard pressed to find an abuse of discretion where the material plaintiffs seek to discover is not relevant to the basis upon which the trial court granted the motion to dismiss.

Additionally, plaintiffs apparently did not seek discovery until after the trial court ruled on the motion to dismiss.  Plaintiffs do not explain why their request for discovery came so late.  Under such circumstances, we cannot find that the trial court abused its discretion in denying plaintiffs' motion to reconsider.  See 
Gardner v. Navistar International Transportation Corp.
, 213 Ill. App. 3d 242, 248-49 (1991).

While the trial court's and the parties' failure to address the issue of good faith is understandable, the issue could be relevant in this case.  The judgment of the circuit court of Winnebago County is therefore reversed.  We remand this cause so that this issue may be addressed.

Reversed and remanded.

 O'MALLEY, P.J., and CALLUM, J., concur.