# Illinois Official Reports

## Appellate Court

---

### *GreenPoint Mortgage Funding, Inc. v. Hirt*, 2018 IL App (1st) 170921

---

| | |
|---|---|
| Appellate Court Caption | GREENPOINT MORTGAGE FUNDING, INC., Plaintiff and Counter-Defendant-Appellee, v. CYNTHIA HIRT, MORTGAGE REGISTRATION SYSTEMS, INC., GREENPOINT FUNDING INC., TOWNE PLACE CONDOMINIUM ASSOCIATION, UNKNOWN OWNERS and NONRECORD CLAIMANTS, Defendants (Cynthia Hirt, Defendant and Counter-Plaintiff-Appellant). |
| District & No. | First District, First Division<br>Docket No. 1-17-0921 |
| Rehearing denied<br>Filed | January 17, 2018<br>January 22, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-CH-16652; the Hon. Darryl B. Simko, Judge, presiding. |
| Judgment | Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. |
| Counsel on Appeal | Matton Law Offices, of Chicago (Douglas M. Matton, of counsel), for appellant.<br><br>Pilgrim Christakis LLP, of Chicago (Jeffrey D. Pilgrim and Matthew O. Stromquist, of counsel), for appellee. |

Panel                    JUSTICE HARRIS delivered the judgment of the court, with opinion. Presiding Justice Pierce and Justice Mikva concurred in the judgment and opinion.

**OPINION**

GreenPoint Mortgage Funding, Inc. (GreenPoint) initiated this action when it filed a mortgage foreclosure complaint against Cynthia Hirt. Hirt filed both affirmative defenses and counterclaims seeking rescission of the loan and statutory damages pursuant to the Truth in Lending Act (TILA) (15 U.S.C. § 1601 (2012)). During the course of the litigation, GreenPoint assigned the mortgage to U.S. Bank National Association (U.S. Bank). U.S. Bank and Hirt agreed to refinance the mortgage. As part of refinancing, U.S. Bank dismissed the foreclosure action.[1]

GreenPoint and Hirt then proceeded to litigate Hirt's counterclaim for rescission and statutory damages. On February 17, 2016, the circuit court of Cook County granted GreenPoint summary judgment as to the rescission claim but denied it as to the statutory damages claims. On March 13, 2017, after GreenPoint brought a motion to reconsider, the circuit court granted summary judgment in GreenPoint's favor as to Hirt's damages claims. This timely appeal followed.

For the reasons stated below, we reverse in part and affirm in part. A question of fact remains as to whether Hirt had three days or three years to seek rescission. We therefore reverse the portion of the February 17, 2016, order that granted summary judgment in favor of GreenPoint on Hirt's rescission claim. We affirm that portion of the March 13, 2017, order that granted summary judgment in favor of GreenPoint as to Hirt's statutory damages claim related to the failure to honor the rescission. We also affirm the portion of the March 13 order that granted summary judgment in favor of GreenPoint as to Hirt's statutory damages claim stemming from GreenPoint's failure to make certain disclosures when the loan closed.

JURISDICTION

GreenPoint filed this foreclosure action on May 5, 2008. On April 9, 2009, Hirt filed her counterclaim for rescission and damages. On October 29, 2015, the foreclosure action was dismissed without prejudice. On February 17, 2016, the circuit court granted summary judgment in favor of GreenPoint as to Hirt's rescission claim. On March 13, 2017, the circuit court granted summary judgment in favor of GreenPoint as to Hirt's statutory damages claims. Thereafter, on April 11, 2017, Hirt filed her notice of appeal. Accordingly, this court has jurisdiction over this matter pursuant to article VI, section 6 of the Illinois Constitution, and Illinois Supreme Court Rules 301 and 303. Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

---

[1]U.S. Bank was substituted in as party-plaintiff on August 11, 2014. Hirt never amended her counterclaim to include U.S. Bank. U.S. Bank is not a party to this appeal.

## BACKGROUND

On May 13, 2005, Hirt refinanced her mortgage on her property located at 125 Stirling Lane, Schaumburg, Illinois. In connection with this transaction, GreenPoint lent Hirt $219,200 to be secured against the property.

On February 1, 2008, Hirt failed to make the required service payment on the GreenPoint loan. On February 12, 2008, Hirt, through her attorney, sent GreenPoint a notice of rescission pursuant to TILA asserting that GreenPoint had failed to comply with TILA's various disclosure requirements and that she was therefore entitled to rescind the loan. On February 15, GreenPoint received Hirt's notice of rescission. On May 5, 2008, GreenPoint filed a complaint to foreclose the mortgage based on Hirt's failure to make the required payments.

On January 8, 2009, Hirt, by her attorney, filed her appearance, answer, and affirmative defenses to GreenPoint's foreclosure action. In her affirmative defenses, she asserted that the foreclosure action should be dismissed with prejudice because she had rescinded the loan.

On April 9, 2009, Hirt filed her counterclaim against GreenPoint asserting that it had violated TILA and corresponding regulations (12 C.F.R. § 226 (2008) (Regulation Z)) by (1) failing to provide her with two copies of the notice of the right to cancel, (2) failing to take any action necessary to terminate the security interest in Hirt's property within twenty days of receipt of Hirt's notice of rescission, and (3) failing to properly and accurately disclose the finance charge. As a result of these violations, Hirt asserted that her right to rescind the loan under TILA had extended from three days to three years. Therefore, she asserted she timely exercised her right to rescind when GreenPoint received her notice of rescission on February 15, 2008. Hirt also sought statutory damages based on GreenPoint's failure to make disclosures when the loan closed and its failure to honor the rescission.

On August 18, 2009, Hirt was deposed. At the deposition, she acknowledged signing a receipt stating she had been provided with two copies of her right to cancel. Despite signing the receipt, she stated she walked out with one copy of the notice. She testified that she did not realize she had been provided with only one copy until she reviewed her entire closing packet with her foreclosure attorney in 2008. She stated that after she left the closing with the loan documents in the folder given to her, she went home and placed the folder into a file cabinet. The folder remained in the cabinet from the time of the closing until she turned it over to her attorney. She claimed to have never looked at the folder during that period, nor did she review the folder prior to meeting with her attorney.

Hirt understood that she would have to return the money she borrowed from GreenPoint as a result of the rescission. When asked whether she had more than $200,000 available, she stated that she did not know and that she would have to review her finances to determine whether she could return the money she borrowed. She also did not know the value of her home.

On July 22, 2014, GreenPoint filed a motion to substitute U.S. Bank as party plaintiff. The motion stated that "subsequent to filing the complaint, servicing rights of the subject loan were transferred from GreenPoint Mortgage Funding, Inc. to Ocwen Loan Servicing, LLC and Ocwen Loan Servicing, LLC would like to proceed in the name of the investor, U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-A6, as plaintiff." On August 11, 2014, the circuit court granted the motion and allowed U.S. Bank to be substituted as party-plaintiff.

¶ 14 On September 29, 2015, U.S. Bank moved to dismiss its foreclosure action without prejudice because Hirt had accepted a loan modification, which brought her loan current. On October 29, 2015, the circuit court granted the motion and dismissed the foreclosure action without prejudice.

¶ 15 On November 6, 2015, GreenPoint moved for summary judgment as to Hirt's counterclaim. On February 17, 2016, after briefing from the parties, the circuit court granted the motion for summary judgment as to Hirt's rescission claim but denied it as to Hirt's damages claims. On December 23, 2016, GreenPoint moved for reconsideration of the circuit court's denial of summary judgment as to Hirt's damages claims. On March 13, 2017, the circuit court granted GreenPoint's motion to reconsider. Hirt timely appealed.

¶ 16 ANALYSIS

¶ 17 In the first issue, Hirt contends the circuit court erred in granting summary judgment in favor of GreenPoint on her rescission claim. Summary judgment is proper only when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2014). "A genuine issue of material fact exists where the facts are in dispute or where reasonable minds could draw different inferences from the undisputed facts." *Morrissey v. Arlington Park Racecourse, LLC*, 404 Ill. App. 3d 711, 724 (2010). A material fact is one that "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is a drastic measure and should only be granted if the movant's right to judgment is clear and free from doubt. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). On appeal, our review of a summary judgment order is *de novo*, and "we afford no deference to the trial court's decision and instead, we consider anew the pleadings, affidavits, depositions, admissions, and exhibits on file to determine whether the trial court's decision was correct." *Jackson v. Graham*, 323 Ill. App. 3d 766, 779 (2001).

¶ 18 Hirt argues a question of fact remains as to whether she timely rescinded. "[W]hen a loan made in a consumer credit transaction is secured by the borrower's principal dwelling," TILA permits the borrower to "rescind the loan agreement" (*Beach v. Ocwen Federal Bank*, 523 U.S. 410, 411 (1998)) up to three business days after the transaction. 15 U.S.C. § 1635(a) (2012). When the lender "fails to deliver certain forms or to disclose important terms accurately" to the borrower, the Act extends the borrower's right to rescind the transaction to three years. *Beach*, 523 U.S. at 411; 15 U.S.C. § 1635(f) (2012). The Act permits borrowers to rescind "the transaction" (15 U.S.C. § 1635(a) (2012)), which includes the removal of the security interest on the property and the return of certain fees incurred during the transaction. *Id.* § 1635(b). A party does not need to file a lawsuit in order to effectuate a rescission. See *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. ___, ___, 135 S. Ct. 790, 792 (2015) (concluding that so long as the borrower sends notice within three years after the transaction is consummated, the rescission is timely and no lawsuit need be filed).

¶ 19 After a review of the record, we agree that summary judgment should not have been entered on the rescission claim because a question of fact remains as to whether Hirt had three

days or three years to rescind.[2] In this case, the transaction was consummated on May 13, 2005. Under normal circumstances, Hirt would only have three days to rescind the transaction. 15 U.S.C. § 1635(a) (2012). However, Hirt maintains that her right to rescind was extended to three years or May 13, 2008. *Id.* § 1635(f).

¶ 20     Hirt argues that her time to rescind was extended to three years because GreenPoint failed to provide two copies of the notice of her right to rescind. Hirt acknowledged that at the time of closing she signed a written acknowledgment indicating she had been provided with all the required forms including two copies of the rescission notice. Hirt points to section 1635(c) that such a form creates only a "rebuttable presumption of delivery" (*id.* § 1635(c)) and she rebutted this presumption at her deposition when she testified that her physical review of the packet showed she had only been provided with one copy. Hirt contends this conflict between her deposition testimony and the written acknowledgment is sufficient to create an issue of material fact.

¶ 21     We agree with Hirt that her testimony that she received only one copy of the rescission notice is sufficient to rebut the presumption created by the acknowledgment and create a genuine issue of material fact. In civil proceedings, Illinois case law has recognized and applied the "bursting bubble principle." *Franciscan Sisters Health Care Corp. v. Dean*, 95 Ill. 2d 452, 460-64 (1983). Pursuant to this principle, a rebuttable presumption creates only a *prima facie* case of the particular issue involved. *Lipscomb v. Sisters of St. Francis Health Services, Inc.*, 343 Ill. App. 3d 1036, 1041 (2003). The introduction of evidence contrary to the presumption "bursts the bubble" and nullifies the presumption. *Id.* In order to burst the bubble and rebut the presumption, the contesting party must present evidence sufficient to support a finding of nonexistence of the challenged fact. *Id.* If accomplished, the contested fact loses the presumption of validity and must be left for the finder of fact to resolve. *In re Estate of Pawlinski*, 407 Ill. App. 3d 957, 965 (2011). Failure to introduce evidence to rebut the presumed fact allows the presumption to prevail, and the party relying on the presumption will be entitled to summary judgment. *Lipscomb*, 343 Ill. App. 3d at 1041.

¶ 22     Applying this theory to the case before us, Hirt's deposition testimony was sufficient to "burst the bubble" and rebut the presumption created by the written acknowledgment. At her deposition, Hirt stated that she walked out of her closing with only one copy of the notice of the right to rescind. After the closing, she did not look into the packet, went home, and placed it into her filing cabinet. The folder remained in the cabinet until she went to meet with her attorney. It was only after reviewing the contents of the folder with her attorney in February 2008 that she realized only one copy of the rescission notice had been provided. This deposition testimony is sufficient to rebut the presumption created by the signed acknowledgment. In viewing this evidence in a light most favorable to Hirt, a genuine issue of material fact exists as to whether she received the requisite TILA disclosures.[3]

---

[2]We note the parties dispute the basis of the February 2016 grant of summary judgment on Hirt's rescission claim. The order itself only states that summary judgment was granted in favor of GreenPoint on Hirt's rescission claim. Ultimately, the basis is immaterial, as our review is *de novo*. *Jackson*, 323 Ill. App. 3d at 779.

[3]While not binding, we note that several federal circuits have taken a similar position regarding a borrower's testimony rebutting the presumption of delivery. *Marr v. Bank of America, N.A.*, 662 F.3d

¶ 23    GreenPoint does not respond to Hirt's argument that a material fact exists concerning the number of disclosures she received but instead argues that we should affirm for two separate reasons. GreenPoint argues the issue of rescission is moot since U.S. Bank substituted in as the foreclosing plaintiff, allowed Hirt to refinance, and then dismissed the foreclosure action. It argues since it can no longer effect rescission, Hirt's rescission claim is moot. It also argues that the summary judgment can be affirmed because Hirt has not shown an ability to tender repayment as required by section 1635(b). 15 U.S.C. § 1635(b) (2012).

¶ 24    After reviewing the applicable statute and case law, we reject GreenPoint's argument that its assignment of the loan to U.S. Bank moots Hirt's rescission claim. Section 1635(b) states in relevant part, "[w]ithin 20 days after receipt of a notice of rescission, the creditor [(GreenPoint)] shall return to the obligor [(Hirt)] any money or property given as earnest money, downpayment, or otherwise, *and* shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." (Emphasis added.) *Id.* Based on the language of the statute, a creditor must take two steps if a valid rescission notice is received: (1) return certain monies and (2) release the security interest. GreenPoint's argument that it cannot release the security interest fails to address the requirement that it return "any money or property given as earnest money, downpayment, or otherwise" while still the holder of the mortgage.

¶ 25    If we accepted GreenPoint's position, any lender could avoid returning the monies by simply assigning the loan. Moreover, section 1641 of TILA deals with the liability of an assignee like U.S. Bank when the initial creditor (GreenPoint) violated the disclosure requirements. *Id.* § 1641(a). We note that the Seventh Circuit has come to a similar conclusion regarding a recession claim under TILA. In *Handy v. Anchor Mortgage Corp.*, 464 F.3d 760, 765 (7th Cir. 2006), the lender argued that recession was inappropriate because the subject loan had recently been paid off. In rejecting the argument, the court stated that section 1635 encompasses the right to rescind the entire transaction, not just the security interest. *Id.* (citing *Barrett v. JP Morgan Chase Bank N.A.*, 445 F.3d 874, 877 (6th Cir. 2006)). Based on the above, we reject GreenPoint's argument that its assignment of the loan mooted Hirt's rescission claim. If Hirt's rescission claim was timely, GreenPoint would be required to return the monies described in section 1635 even if it could no longer release a security interest on the subject property.

¶ 26    We also reject GreenPoint's argument that Hirt's inability to tender repayment of the loan bars her claim because it is contrary to the statutory requirements found in TILA. The default rule under both section 1635 and Regulation Z requires the creditor to release the security interest in the property and return the monies *before* the borrower must tender to the creditor. 15 U.S.C. § 1635(b) (2012); 12 C.F.R. § 226.23(d) (2008); *Johnson v. Thomas*, 342 Ill. App. 3d 382, 398-99 (2003). Admittedly, both TILA and Regulation Z provide that a court may modify the default rule, denying rescission where there is an inability to tender. 15 U.S.C. § 1635(b) (2012); 12 C.F.R. § 226.23(d)(4) (2008). However, before a trial court can modify the process it must first determine whether a TILA violation even occurred. As noted above, it is unknown whether a TILA violation occurred because a question of fact remains as to whether Hirt received the requisite number of disclosures. Given the statutory language

963, 968 (7th Cir. 2011); *Cappuccio v. Prime Capital Funding LLC*, 649 F.3d 180, 189 (3d Cir. 2011); S*tutzka v. McCarville*, 420 F.3d 757, 762 (8th Cir. 2005).

requiring the lender to act first and the current procedural posture of this case, it would be inappropriate to enter summary judgment in favor of GreenPoint based on Hirt's alleged inability to tender.

¶ 27 In light of the arguments presented to this court and the record before it, we reverse the entry of summary judgment as to Hirt's rescission claim. A genuine issue of material fact exists as to whether Hirt received the required disclosures pursuant to TILA. If the finder of fact concludes Hirt did not receive the required notices, then her rescission letter sent within three years of the loan closing would be timely.

¶ 28 In her second issue, Hirt contends that the circuit court erred in granting summary judgment in favor of GreenPoint on her statutory damages claims. In her counterclaim, Hirt sought statutory damages based on GreenPoint's failure to make certain disclosures and provide two notices of rescission when the loan closed on May 13, 2005. She also sought damages for GreenPoint's failure to honor the rescission notice of February 2008. Before this court, Hirt only addresses the statutory damages arising out of GreenPoint's failure to honor the rescission. Accordingly, we only address that issue, and Hirt has forfeited review of that portion of her damages claim which arises out of violations of TILA that occurred at the closing on May 13, 2005. Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2017) (points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing).

¶ 29 Initially, we reject GreenPoint's argument that Hirt's claim must fail as a matter of law because her rescission claim failed. As stated above, a question of fact remains as to whether Hirt could properly invoke rescission. Therefore, whether Hirt can claim damages based on the failure to rescind remains an open question.

¶ 30 GreenPoint also claims that even if the claim is not time barred, it cannot survive the dismissal of the primary foreclosure action. TILA allows for statutory damages if a creditor fails to honor a borrower's rescission (15 U.S.C. § 1640(a) (2012)), but such a claim must be brought within one year of the violation (*id.* § 1640(e)). Section 1640(e) provides a savings clause for untimely claims:

> "This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law." *Id.*

¶ 31 This provision allows a borrower to bring an untimely TILA damages claim if it is brought as a defensive recoupment or set-off, "except as otherwise provided by State law." *Id.*; *U.S. Bank National Ass'n v. Manzo*, 2011 IL App (1st) 103115, ¶ 51 (citing *Mt. Vernon Memorial Estates, Inc. v. Wood*, 88 Ill. App. 3d 666 (1980)). Based on this, Illinois courts allow untimely TILA damages claims if the requirements of section 13-207 of the Code of Civil Procedure are met. 735 ILCS 5/13-207 (West 2014); *Beneficial Illinois Inc. v. Parker*, 2016 IL App (1st) 160186, ¶¶ 18-20. Section 13-207 states:

> "A defendant may plead a set-off or counterclaim barred by the statute of limitation, while held and owned by him or her, to any action, the cause of which was owned by the plaintiff or person under whom he or she claims, before such set-off or counterclaim was so barred, and not otherwise." 735 ILCS 5/13-207 (West 2014).

GreenPoint does not dispute that Hirt's damages claim would meet the timing requirements of section 13-207 if she properly invoked rescission. Instead, it argues that since Hirt's claim is purely defensive, it cannot survive the dismissal of the foreclosure action.

¶ 32        We agree with GreenPoint. Hirt's counterclaim is limited by the language found in section 1640(e) of TILA allowing for an untimely claim only if it is brought as a set-off or recoupment. 15 U.S.C. § 1640(e) (2012). Under both Illinois and federal law, a set-off or recoupment is a unique type of counterclaim that can only be utilized to reduce or defeat a plaintiff's claim of damages. *General Motors Acceptance Corp. v. Vaughn*, 358 Ill. 541, 548 (1934); *Distribution Services, Ltd. v. Eddie Parker Interests, Inc.*, 897 F.2d 811, 812 (5th Cir. 1990). More recently in *Nadhir v. Salomon*, this court explained that "a setoff is a type of counterclaim that is designed to mitigate damages that a liable defendant owes a plaintiff." (Emphasis omitted.) 2011 IL App (1st) 110851, ¶ 37. It logically follows that where a plaintiff dismisses the original action and ceases to claim any damages from the defendant, the defendant will be unable to reduce or defeat the nonexistent damage claim.

¶ 33        Hirt argues that under Illinois law, courts have held that a claim revived by section 13-207 survives the dismissal of the primary complaint. *In re Estate of Rice*, 154 Ill. App. 3d 591, 593 (1987). As explained, section 13-207 " 'opens the door and exposes the initiating party to otherwise stale claims. The clause does not contain a provision which closes the door if the initiating party's claim is later dismissed. In sum, once the statute of limitations is waived, it remains waived even if the claim which triggered the waiver is later dismissed.' " (Emphasis omitted.) *Id.* (citing *Ogg v. City of Springfield*, 121 Ill. App. 3d 25, 34 (1984)). While this proposition is true, as mentioned above, Hirt's counterclaim for statutory damages is limited by the language found in section 1640(e). Given that section 1640(e) limits untimely statutory damages claims to a set-off or recoupment, counterclaims brought pursuant to it cannot survive dismissal of the primary complaint.

¶ 34        Based on the above, the March 13, 2017, order, which granted summary judgment in favor of GreenPoint on Hirt's statutory claims, is affirmed.

¶ 35                                    CONCLUSION

¶ 36        Based on the foregoing, we reverse the February 17, 2016, grant of summary judgment in favor of GreenPoint as to Hirt's rescission claim. On remand, the trial court is instructed to hold an evidentiary hearing to resolve the disputed factual question as to whether Hirt received the requisite disclosures when the closing took place on May 13, 2005.

¶ 37        We affirm the grant of summary judgment in favor of GreenPoint as to Hirt's statutory damages claims.

¶ 38        Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.